103 P.3d 358

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Jaime Kainoa KALUNA, Defendant–Appellant,**

and

**Cullen Gante, Defendant.**

Nos. 25400, 25472, 26132.

Supreme Court of Hawai'i.

Dec. 20, 2004.

Richard L. Hoke, Jr., and Dwight C.H. Lum, Honolulu, on the briefs, for defendant-appellant.

Tracy Murakami, Deputy Prosecuting Attorney, County of Kaua'i, on the briefs, for plaintiff-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by ACOBA, J.

In this consolidated appeal, Defendant–Appellant Jaime Kainoa Kaluna (Defendant) appeals from (1) the September 13, 2002 order of the circuit court of the fifth circuit (the

court)[1] directing the Department of Public Safety (DPS) and the Hawai'i Paroling Authority (HPA) to recalculate Defendant's presentence credit for time served and expiration of mandatory minimum terms pursuant to Hawai'i Revised Statutes (HRS) § 706–671(1) (1993)[2] (recalculation order); (2) the October 15, 2002 order denying motion to set aside recalculation order; and (3) the September 22, 2003 order denying Defendant's motion to reconsider the recalculation order.

For reasons discussed herein, the aforesaid orders are vacated because the court lacked jurisdiction to direct the DPS and the HPA to recalculate Defendant's pre-sentence credit for time served and expiration of mandatory minimum terms.

### I.

On May 28, 1993, Defendant and co-defendant Cullen Gante were charged in Cr. No. 93–0086 with Criminal Conspiracy to Commit Murder in the Second Degree, HRS §§ 705–520 and 707–701.5 (Count I); Murder in the Second Degree, HRS § 707–701.5(1) (Count II); Possession or Use of a Firearm in the Commission of a Felony, HRS § 134–6(a) (Count III); Prohibited Ownership or Possession of a Firearm or Ammunition, HRS § 134–7 (Count IV); and Theft in the Second Degree, HRS § 708–831(1)(b) (Count V). At the May 28, 1993 preliminary hearing, the court dismissed Count V.

On June 15, 1993, Defendant was arrested on a bench warrant issued in Cr. No. 87–0530 based on a motion to revoke probation. Defendant's probation in that case was revoked and, on August 27, 1993, he was re-sentenced to imprisonment for five years in Cr. No. 87–0530.

On November 2, 1999, Defendant pled no contest in Cr. No. 93–0086 to Count II, Man-slaughter (reduced from Murder in the Second Degree), HRS § 707–702, and Count IV, Prohibited Ownership or Possession of Firearm or Ammunition, HRS § 134–7, pursuant to a plea agreement. As required by the plea agreement, Plaintiff–Appellee State of Hawai'i (the State) dismissed Count I and Count III. Accordingly, on November 8, 1999, the State filed a Motion and Order for Nolle Prosequi of Counts I and III.

On November 22, 1999, Defendant was convicted of Count II, Manslaughter, and Count IV, Prohibited Ownership or Possession of Firearm or Ammunition. As to Count II, Defendant was sentenced to imprisonment for "ten years with a mandatory minimum term of imprisonment of six years and eight months pursuant to HRS 706–606.5(b)(iii) with credit for time served." As to Count IV, Defendant was sentenced to imprisonment for "ten years with a mandatory minimum term of imprisonment of six years and eight months pursuant to HRS 706–606.5(b)(iii) with credit for time served." The court ordered the sentences to be served consecutively with the "total period of indeterminate sentence [set at] twenty years with credit given for time served."

On February 27, 2001, the HPA held Defendant's minimum term hearing. On April 5, 2001, the HPA filed a "Notice and Order Fixing Minimum Terms of Imprisonment" which set the minimum sentence for both counts at ten years. As to Count II, Defendant's minimum sentence was set at ten years, expiring on May 25, 2003. As to Count IV, the minimum sentence was set at ten years, expiring on November 27, 2006.

### II.

On July 8, 2002, the State filed its "Motion for Order Directing the [DPS] and the

---

1. The Honorable Clifford L. Nakea presided.

2. HRS § 706–671(1) states as follows:

 **Credit for time of detention prior to sentence; credit for imprisonment under earlier sentence for same crime.** (1) When a defendant who is sentenced to imprisonment has previously been detained in any State or local correctional or other institution following the defendant's arrest for the crime for which sentence is imposed, such period of detention fol-

lowing the defendant's arrest shall be deducted from the minimum and maximum terms of such sentence. The officer having custody of the defendant shall furnish a certificate to the court at the time of sentence, showing the length of such detention of the defendant prior to sentence in any State or local correctional or other institution, and the certificate shall be annexed to the official records of the defendant's commitment.

[HPA] to Recalculate Defendant's Pre–Sentence Credit for Time Served and Expiration of Mandatory Minimum Terms" (motion for recalculation). In the motion for recalculation, the State argued that instead of applying Defendant's pre-sentence detention credit to the twenty year aggregate of the ten year minimum sentences for Counts II and IV, the HPA and DPS incorrectly credited Defendant for time served on each ten year sentence with the remaining time on each term then set to run consecutively.

The State cited *State v. Tauiliili*, 96 Hawai'i 195, 29 P.3d 914 (2001), which held that pre-sentence credit for time served is properly applied to the aggregate of consecutive sentence terms. Thus, the State claimed that "Defendant's pre-sentence credit should have been applied to the aggregate of his consecutive sentence terms (twenty years), rather than both ten year terms."

Additionally, the State alleged that after the HPA and DPS erroneously applied pre-sentence detention credits toward each count in the present case, the same credits were also used to reduce his sentence in Cr. No. 87–0530. The State relied on HRS § 706–668.5 (1993) [3] and argued that "[s]ince the judgment in Cr. No. 93–0086 was silent as to whether these terms run consecutive or concurrent to Cr. No. 87–0530, the law recognizes that the terms are to run consecutively."

Therefore, in its motion for recalculation, the State maintained that Defendant is entitled to 853 days of credit and Defendant should be incarcerated "until at least September 9, 2010 and at the maximum May 9, 2017." The State's calculation of 853 days is based on credit for Defendant's incarceration from May 9, 1993 to June 15, 1993, and August 27, 1997 to November 20, 1999. The State, however, acknowledged that Defendant may be entitled to additional credits because a year was deducted from Defendant's sentence in Cr. No. 87–0530. This deduction in Cr. No. 87–0530 occurred at re-sentencing on that case on August 27, 1993, when he may have had a maximum of one year and 38 days of credit.

On July 19, 2002, the Department of the Attorney General (Attorney General) filed a statement of no position on behalf of the DPS and the HPA. The Attorney General maintained that the statement of no position "on the State's Motion is not a waiver of any defenses or objections it may have to ... the arguments in the State's Motion ... and does not constitute support for the veracity of the State's factual allegations."

In a "Declaration of Counsel" filed on September 4, 2002, Defendant's counsel on appeal [4] stated that a copy of the motion for recalculation was mailed to Defendant and former trial counsel [5] after July 8, 2002. [6] Defendant was incarcerated in Florence, Arizona when he received the motion for recalculation. Defendant then contacted his trial counsel by telephone. Because trial counsel was a potential witness, counsel informed Defendant that he could no longer represent Defendant on the motion for recalculation. Trial counsel advised Defendant that "the [c]ourt would either transport [Defendant]

---

3. HRS § 706–668.5 provides that:

> (1) If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently.* (Emphasis added.)

4. Richard Hoke is appellate counsel for Defendant and represented Defendant on his "Motion to Set Aside Oral Decision Granting State's [Motion for Recalculation]" (motion to set aside) and "Motion to Reconsider the Order Denying the [Motion to Set Aside]."

5. Reginald P. Minn was trial counsel for Defendant and represented Defendant at his change of plea hearing.

6. The "Declaration of Counsel" states that on or about July 8, 2002, a copy of the motion for recalculation was served via facsimile to the State Department of the Attorney General and was "subsequently mailed ... to Defendant Kaluna who was incarcerated in Florence, Arizona, and to Reginald Minn." The "Declaration of Counsel" contains no other information concerning when Defendant or Minn received copies of the motion for recalculation.

from Florence, Arizona to appear in court . . . and/or appoint counsel for Defendant as he is indigent." According to appellate counsel, Defendant and trial counsel relied on this expectation and filed no response to the motion for recalculation.

The State disputed Defendant's claim that Defendant did not file a response to the motion for recalculation as a result of trial counsel's advice to Defendant that Defendant would either be transported by the State and/or the court would appoint counsel for him since he was indigent.

On July 25, 2002, the court held a hearing on the State's motion for recalculation with neither Defendant nor his attorney present. During the hearing, the prosecutor withdrew the argument that the DPS and the HPA incorrectly applied the pre-sentence credit for the present case to Cr. No. 87–0530. The court granted the motion for recalculation.

On September 4, 2002, Defendant filed his "Motion to Set Aside Oral Decision Granting State's [Motion for Recalculation]" (motion to set aside).

The motion to set aside requested that the court set aside its order granting the State's motion for recalculation to allow Defendant adequate time to respond. Defendant argued that (1) the court did not have jurisdiction to enter further orders when a final judgment had been rendered approximately three years prior; (2) assuming that the court had jurisdiction, pursuant to the rules of court and the due process clause of the federal and state constitutions, Defendant's presence was required at the July 25, 2002 hearing; (3) Defendant's equal protection right was violated by enforcing a different method of pre-sentence credit calculation than other similarly situated defendants; and (4) the State willfully breached the terms of the Rule 11 plea agreement by seeking additional imprisonment beyond the agreed upon terms.

On September 13, 2002, the court filed the "Order Directing the Department of Public Safety and the Hawaii Paroling Authority to Recalculate Defendant's Pre–Sentence Credit for Time Served and Expiration of Mandatory Minimum Terms" (recalculation order).

The recalculation order directed the DPS and the HPA to re-calculate Defendant's presentence credit for time served and expiration of minimum mandatory terms in accordance with *Tauiliili*. The court concluded and ordered that, under *Tauiliili*, Defendant is "entitled to a credit of 2,371 days of credit from May 9, 1993, the date of his arrest, to November 20, 1999, the date he was sentenced. This credit shall be applied once to the aggregate twenty-year maximum term to determine the Defendant's maximum incarceration expiration date."

### III.

On September 23, 2002, the State filed its memorandum in opposition to Defendant's motion to set aside oral decision granting State's motion, contending (1) that Defendant's presence was not required since the State was not altering the sentence, but merely ordering the DPS and the HPA to follow the law, (2) that if the DPS and the HPA applied the law correctly in all cases, Defendant will be treated the same as other similarly situated defendants, and (3) that it did not breach the Rule 11 plea agreement since the plea agreement accurately reflected the plea form and judgment.

On September 26, 2002, the hearing on Defendant's motion to set aside was held. Defendant's attorney waived Defendant's right to be present. In support of the motion to set aside, Defendant made the following arguments: (1) the court lacked jurisdiction to order DPS or the HPA to recalculate Defendant's pre-sentence credit and expiration of mandatory minimum terms; (2) Defendant should not be subject to retroactive application of *Tauiliili*; and (3) at the minimum, the court should hold its order in abeyance, allowing a full hearing with Defendant's presence.

In addition, defense counsel asserted that the court may have had jurisdiction had the State brought the issue of recalculation in an action against the DPS and the HPA and "by way of writ of mandamus." Defense counsel argued in relevant part as follows:

> We also believe that this Court's jurisdiction might be—that the government should have brought the case in another

proceeding, not necessarily at [Defendant's] proceeding in his particular case, but in the case against the [DPS] and the [HPA] and directed them to follow, by way of a writ of mandamus, the *Tauiliili* decision in all cases and not just [Defendant's] case.

The court took Defendant's points under advisement.

On October 10, 2002, Defendant filed a notice of appeal in S.Ct. No. 25400 from the court's September 13, 2002 recalculation order.

On October 15, 2002, the court issued an order denying Defendant's motion to set aside. The court entered no findings or conclusions on the issue of jurisdiction. On November 8, 2002, Defendant filed a motion to reconsider the order denying the motion to set aside (motion for reconsideration). In the motion for reconsideration, Defendant claimed that the November 22, 1999 judgment stated that he was to be given presentence credit for each count for which he was sentenced based on the HPA procedure for calculating pre-sentence credits at the time of Defendant's sentencing. Defendant raised, *inter alia*, the following arguments: (1) Defendant's right to equal protection in the Fourteenth Amendment of the United States Constitution and in Article I, Section 5 of the Hawaii Constitution was violated; (2) Defendant's protection against double jeopardy was violated by the increased punishment; (3) Defendant's increased punishment violated the constitutional protection against *ex post facto* laws; (4) Defendant was denied his due process right when the July 25, 2002 hearing was held without the Defendant's or his counsel's presence; and (5) the court did not have jurisdiction to grant the motion for recalculation.

On November 14, 2002, Defendant filed a notice of appeal from the order denying the motion to set aside in S.Ct. No. 25427.

On June 12, 2003, the court held the hearing on the motion for reconsideration. At the end of the hearing, the court agreed to accept written arguments. On August 20, 2003, Defendant filed his supplemental memorandum. On August 21, 2003, the State filed its final arguments in opposition to the motion.

On September 22, 2003, the court issued its "Findings of Facts, Conclusions of Law and Order Denying Defendant's Motion to Reconsider Order Denying [Motion to Set Aside Decision]." The court, again, entered no findings or conclusions on the issue of jurisdiction. On October 6, 2003, Defendant filed a notice of appeal in S.Ct. No. 26132 from the court's denial of the motion for reconsideration.

On December 22, 2003, this court issued an order consolidating S.Ct. No. 25400 with S.Ct. No. 26132 to be filed under S.Ct. No. 25400. On January 15, 2003, this court issued an order consolidating S.Ct. No. 25400 with S.Ct. No. 25472 to be filed under S.Ct. No. 25400. As mentioned above, in S.Ct. No. 25400, Defendant appealed from the September 13, 2002 recalculation order. In S.Ct. No. 25472, Defendant appealed from the October 15, 2002 order denying motion to set aside. In S.Ct. No. 26132, Defendant appealed from the September 22, 2003 order denying reconsideration.

## IV.

On appeal, Defendant argued, *inter alia*, that the court lacked jurisdiction to direct the DPS and the HPA to recalculate Defendant's pre-sentence detention credits. The State argued that (1) the court had jurisdiction to enter the recalculation order pursuant to *Tauiliili* and (2) in the alternative, the court had jurisdiction pursuant to HRS § 603–23 (Supp.1996) and *Williamson v. Hawaii Paroling Auth.*, 97 Hawai'i 183, 35 P.3d 210 (2001).[7]

---

7. The State "anticipate[d] that [Defendant would] rely on *Casuga v. Blanco*, 99 Hawai'i 44, 52 P.3d 298 (App.2002), to assert that the circuit court's order should be vacated because it was not entered pursuant to a timely post-judgment motion or an appeal." In *Casuga*, the Intermediate Court of Appeals (ICA) held that the circuit court loses jurisdiction over a case when "[n]o timely default judgment motions [are] ... filed, and no notice of appeal [is] perfected within thirty days after the entry of the default judgment." *Id.* at 50, 52 P.3d at 304. *Casuga*, however, concerns the thirty-day time bar for pre-judgment motions and notices of appeal.

 A court's jurisdiction is a question of law reviewed de novo under the right/wrong standard. *State v. Adam*, 97 Hawai'i 475, 481, 40 P.3d 877, 883 (2002) (citation omitted). Jurisdiction is "the base requirement for any court resolving a dispute because without jurisdiction, the court has no authority to consider the case." *Id.* (citing *Housing Fin. & Dev. Corp. v. Castle*, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995)). A court has subject matter jurisdiction if it is "vested with the power to hear a case." *In re Doe Children*, 99 Hawai'i 522, 540, 57 P.3d 447, 465 (2002) (citations omitted).

## A.

 Defendant points out that the State, in its motion for recalculation, cites only to Rule 47 of the Hawaii Rules of Penal Procedure (HRPP).[8] Clearly, this rule by its language provides the manner and form in which a motion should be filed. It does not, however, provide a source of authority vesting jurisdiction in the circuit court.

The State argues that *Tauiliili* supports its contention that the circuit court had jurisdiction. In *Tauiliili*, forty-five days after he had been sentenced, the defendant filed a motion seeking an order granting pre-sentencing credit for his time served. 96 Hawai'i at 197, 29 P.3d at 916. This court affirmed the circuit court's denial of the defendant's motion and interpretation of HRS § 706–671 as requiring that pre-sentencing credit be applied "only once against the aggregate of . . . consecutive sentences." *Id.* at 200, 29 P.3d at 919. The State argues that the *Tauiliili* court's failure to dismiss the defendant's motion for lack of jurisdiction "is authority" for vesting jurisdiction in the circuit court in this case. This contention is rejected on two bases.

First, the question of jurisdiction was not decided in *Tauiliili*. Second, *Tauiliili* is factually distinguishable. In that case, the *defendant*, not the State, brought the motion in the *circuit court before* the HPA held a minimum term hearing.[9] Here, it was the State that brought the motion for recalculation over two years and seven months *after* the court's sentencing and over one year and three months *after* the HPA issued its notice and order fixing minimum terms of imprisonment. Here, the issue is whether the court retained jurisdiction to entertain a motion to recalculate *after* the HPA had issued its order fixing Defendant's minimum terms of imprisonment,

## B.

 In the alternative, the State argues that HRS § 603–23 (Supp.1999)[10] grants the

---

The case, although addressing the jurisdictional time bar requirement, leaves unanswered the underlying basis for the court's *subject matter* jurisdiction.

8. HRPP Rule 47 (2000) provides in pertinent part:

(a) **Form.** An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth the relief or order sought. A motion involving a question of law shall be accompanied by a memorandum in support of the motion. If a motion requires the consideration of facts not appearing of record, it shall be supported by affidavit or declaration. Written motions, other than ex parte motions, shall be noticed as provided by Rule 2.2(d)(3)(iii) of these rules.

(b) **Required Notice of No Opposition.** A party who does not oppose or who intends to support a motion shall promptly give written notification to the court and opposing counsel.

(c) **Filings in Opposition.** An opposing party may serve and file counter affidavits, declarations or memoranda in opposition to the motion, which shall be served and filed in accordance with Rules 45 and 49 of these rules, except as otherwise ordered by the court.

(d) **Declaration in Lieu of Affidavit.** In lieu of affidavit, an unsworn declaration may be made by a person, in writing, subscribed as true under penalty of law, and dated. . . .

9. The opinion does not set forth the statute or rule upon which the motion was brought.

10. HRS § 603–23 in its entirety provides:

**Injunction of violation of laws and ordinances.** The circuit courts shall have power to enjoin or prohibit any violation of the laws of the State, or of the ordinances of the various counties, upon application of the attorney general, the director of commerce and consumer affairs, or the various county attorneys, corporation counsels, or prosecuting attorneys, even if a criminal penalty is provided for violation of the laws or ordinances. Nothing herein limits

court subject matter jurisdiction "to entertain a motion to compel the HPA to issue an amended minimum term order that reflects a single presentence credit." HRS § 603–23 confers upon the circuit courts the "power to enjoin or prohibit any violation of the laws of the State, or of the ordinances of the various counties, upon application of the ... prosecuting attorneys, even if a criminal penalty is provided for violation of the laws or ordinances." HRS § 603–23. In response, Defendant contends that pursuant to *Marsland v. Pang*, 5 Haw.App. 463, 487, 701 P.2d 175, 193 (1985), HRS § 603–23 does not give the prosecuting attorney the power to seek an injunction.

In *Marsland*, the ICA construed HRS § 603–23 as a "declaration by the legislature that, *where there is a jurisdictional basis for equity to act* to protect the private or public rights of our citizens from irreparable harm, the mere fact that the act complained of may also be subject to *criminal penalties will not oust equity's jurisdiction." Id.* at 487, 701 P.2d at 193. HRS § 603–23, therefore, is not a jurisdiction-conferring statute, but merely authorizes the circuit courts to afford injunctive relief, provided "there is a jurisdictional basis for equity to act." *Id.* Even if the circuit court may have had the power to grant the remedy sought by the State, it still needed an independent "jurisdictional basis" to entertain the motion. Therefore, HRS § 603–23 did not provide the court with subject matter jurisdiction.

■ Finally, the State claims that *Williamson* is further support that the court had subject matter jurisdiction in the case at bar. In *Williamson*, this court held that the HPA

was not prohibited from setting a prisoner's minimum term equal to his maximum sentence. 97 Hawai'i at 196, 935 P.3d at 223. The State contends that in *Williamson*, this court "ordered the original petition, filed in a civil case, vacated ... and ordered the circuit court to process the petition as a [HRPP] Rule 40 petition." However, *Williamson* is distinguishable from the present case in that the defendant in that case originally filed a Rule 40 petition to challenge the minimum term set by the HPA. *Id.* at 187, 935 P.3d at 214. Jurisdiction in *Williamson* stemmed from a putative HRPP Rule 40 petition for post-conviction relief. *Id.* HRPP Rule 40 applies to "special proceeding[s] for certain post conviction *remedies* [,]" commentary to proposed HRPP Rule 40(a)(1) (1975) (emphasis added),[11] and hence, would not apply to the *prosecution's* attempt to correct a sentence determined by the HPA.

Moreover, HRPP Rule 40(a) clearly indicates that the post-conviction proceeding under the rule was intended to "encompass all common law and statutory procedures for the same purpose, including habeas corpus and coram nobis." "[T]he chief use of habeas corpus has been to seek the release of persons held in actual, *physical custody." Turner v. Hawai'i Paroling Auth.*, 93 Hawai'i 298, 307, 1 P.3d 768, 777 (App.2000) (emphasis in original, citation omitted). Thus, a petition by the prosecution to increase the duration of the defendant's term of imprisonment does not appear to be "for the same purpose" as a common law habeas corpus petition. Additionally, HRPP Rule 40(d) specifically provides that the prosecution is the respondent in a HRPP Rule 40 proceeding.[12] In light of the plain language in Rule

the powers elsewhere conferred on circuit courts.

11. "Although the Committee commentaries are not authoritative, they are *highly persuasive* in ascertaining the intention of the framers/revisors of the Rules. In this respect, the Committee commentaries are somewhat analogous to legislative committee reports which accompany statutes." *State v. Doyle*, 64 Haw. 229, 231 n. 2, 638 P.2d 332, 334 n. 2 (1981) (citations omitted, emphasis added).

12. HRPP Rule 40(d) states:

Response. The State of Hawaii shall be named as the respondent in the petition, and the peti-

tioner shall serve the petition on the respondent by delivering a filed copy thereof to the prosecutor. Service may be made by the attorney for the petitioner, or the petitioner in a pro se case. If it appears that the petitioner is unable to effect prompt service of a filed copy of the petition or other pleading under this rule, the court shall direct court staff to effect service on behalf of the petitioner. Within 30 days after the service of the petition or within such further time as the court may allow, the respondent may answer or otherwise plead, but the court may require the State to answer at any time. Where the petition makes a showing of entitlement to immediate relief, the court may shorten the time in which to re-

40, it would be contradictory for the prosecution to be both the petitioner and the respondent, the plain language of HRPP Rule 40 indicating that the prosecution was not intended to be a petitioner.

## V.

Accordingly, the court erred in granting the State's motion for recalculation inasmuch as the State did not establish subject matter jurisdiction.[13] For the reasons set forth herein, the court's (1) September 13, 2002 "Order Directing the Department of Public Safety and the Hawaii Paroling Authority to Recalculate Defendant's Pre–Sentence Credit for Time Served and Expiration of Mandatory Minimum Terms," (2) October 15, 2002 "Order Denying Defendant's Motion to Set Aside the Oral Decision Granting State's Motion for Order Directing the Director of Public Safety and the Hawaii Paroling Authority to Recalculate Defendant's Presentence Credit for Time Served and Expiration of Mandatory Minimum Terms Filed on September 4, 2002," and (3) September 22, 2003 "Findings of Fact, Conclusions of Law and Order Denying Defendant's Motion to Reconsider Order Denying Motion to Set Aside Decision Granting State' Motion for Order Directing the Department of Public Safety and the Hawaii Paroling Authority to Recalculate Defendant's Pre–Sentence Credit for Time Served and Expiration of Mandatory Minimum Terms," from which the appeals are taken, are vacated and the appeals dismissed for lack of jurisdiction.

spond to the petition. The respondent shall file with its answer any records that are material to the questions raised in the petition which are not included in the petition.

13. No opinion is expressed as to the appropriate form of action for challenging the HPA's calculation or the appropriate parties to such an action.