**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000481**
**29-OCT-2021**
**08:41 AM**
**Dkt. 48 MO**

NO. CAAP-20-0000481

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JONATHAN S. VADEN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-18-0000844)

MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Jonathan S. Vaden (**Vaden**) appeals from the Order of Resentencing Revocation of Probation entered on February 28, 2020 (**Order of Resentencing**) and the Findings of Fact, Conclusions of Law and Order Denying Motion to Correct and Clarify Order of Resentencing (**FOF/COL/Order**) entered on June 26, 2020 in the Circuit Court of the Second Circuit (**circuit court**).[1]

On appeal, Vaden raises a single point of error, contending the circuit court erred in refusing to credit him the full amount of time he had already served.

Based on our careful review of the record and for the reasons discussed below, we affirm.

## I.  Background

On November 5, 2018 Plaintiff-Appellee State of Hawai'i (**State**) indicted Vaden on **Count I**, Attempted Promoting a

---

[1]  The Honorable Richard T. Bissen presided.

Dangerous Drug in the First Degree under Hawaii Revised Statutes (**HRS**) §§ 705-500 (2014) and 712-1241(1)(b)(ii)(A) (Supp. 2019); **Count II**, Promoting a Dangerous Drug in the Second Degree, under HRS § 712-1241(1)(b)(i) (Supp. 2019); **Count III**, Promoting a Dangerous Drug in the Third Degree, under HRS § 712-1243(1) (2014); **Count IV**, Promoting a Harmful Drug in the Third Degree, under HRS § 712-1246(1) (2014); **Count V**, Promoting a Detrimental Drug in the Second Degree, under HRS 712-1248(1)(c) (2014); and **Count VI**, Prohibited Acts Related to Drug Paraphernalia, under HRS § 329-43.5(a) (Supp. 2019).

On May 13, 2019, Vaden entered a no contest plea involving this case and four other criminal cases. With regard to the charges in this case, 2CPC-18-0000844, Vaden pleaded no contest to Counts II-VI, and Count I was dismissed. Vaden also pleaded no contest in the four other criminal cases: 2CPC-18-0000413; 2CPC-18-0000457; 2CPC-18-0000348; and 2CPC-18-0000315. As part of the plea agreement, Vaden agreed that if he did not successfully complete the Maui Drug Court Program, his sentence in this case would run <u>consecutively</u> to his sentences in the four other cases.

On May 13, 2019, the circuit court also entered a "Judgment and Sentence of the Court: Probation" in which it sentenced Vaden in all five cases. With respect to the counts in this case, the circuit court sentenced Vaden to pay a fine as to Count VI and to serve terms of probation, including specified terms of imprisonment, as to the remaining Counts II, III, IV and V.

On June 5, 2019, Vaden petitioned the circuit court for admittance into the Maui Drug Court Program as a probationer. The circuit court granted Vaden's petition, allowing him to enter the Maui Drug Court Program.

On July 22, 2019, Vaden was released from Maui Community Correctional Center, but he was taken back into custody on December 5, 2019. On January 21, 2020, Vaden was terminated from the Maui Drug Court Program.

On February 28, 2020, the circuit court issued the Order of Resentencing, which revoked Vaden's probation and resentenced him in all five cases. Given that Vaden did not successfully complete the Maui Drug Court Program, he was sentenced consistent with the terms of his plea agreement in that: his sentences in the other four cases (2CPC-18-0000413; 2CPC-18-0000457; 2CPC-18-0000348; and 2CPC-18-0000315) were concurrent with each other; and his sentences for the counts in this case (2CPC-18-0000844) were concurrent with each other, but **consecutive** to the terms imposed in the other four cases. The order also provided that credit would be given for time served.

On May 1, 2020, Vaden filed a motion to reconsider his sentence, in which he argued he was entitled to receive a 340 day credit in this case, but that the Department of Public Safety (**DPS**) had given him only one day of jail credit. Vaden acknowledged he had received 340 days credit of time served in the other four cases.

The circuit court heard the motion on May 15, 2020, but continued the hearing to obtain DPS's reasoning in calculating Vaden's time served. In a supplemental memorandum, Vaden attached an exhibit containing an email from DPS stating in relevant part:

> VADEN was sentenced to a consecutive sentence, and after calculating all of his credits the longest running case # is 2CPC-18-457 sent. 2/28/20 to 5 years with a max out date of 11/14/2023. Due to case# 2CPC-18-844 being a consecutive case that sentence start date is 11/15/2023 to 10 years with 1 day credit. The consecutive sentence will not receive pre sentenced credit for the same period of time more than once. VADEN received 1 day credit due to his initial arrest and was in custody a separate time that don't [sic] overlap credits in other cases. This is to avoid "double dipping".

The continued hearing was held on June 5, 2020. Relying on State v. Tauiliili, 96 Hawai'i 199, 29 P.3d 914 (2001), the circuit court denied the motion, stating:

> THE COURT: I want to first have the record reflect that the defendant is receiving his full credit in this Court's mind, and is my finding that he is receiving his full credit for pretrial confinement as determined by the Department of Public Safety.
>     He is not getting it twice. He's receiving it once in cases 18-315, 348, 413 and 457.

He is not receiving it in Case 844, the subject of this motion, because he was already credited it in those other cases.

The Department of Public Safety decided to take the longest of the sentence he had served up until then, given credit for it. And again, he's receiving it, in the language of Tauiliili, in the aggregate.

Um, I agree with the finding of Public Safety that <u>for him to be granted in [this case] would be a double credit, which was not the intent of the plea agreement of the parties anyway</u>. That he serve a consecutive, ah, ten year sentence to the other five year sentences he had received.

(Emphasis added). On June 26, 2020 the circuit court issued its FOF/COL/Order denying Vaden's motion.[2]

---

[2]     The FOF/COL/Order provided in relevant part:

Findings of Fact

1.    The Court finds that Defendant is being given full credit for presentence imprisonment by the Department of Public Safety;

2.    The Court finds that Defendant is receiving credit for presentence imprisonment, once, in the following cases: 2CPC-18-0000315(4), 2CPC-18-0000348(4), 2CPC-18-0000413(4) AND 2CPC-18-0000457(4);

3.    The court finds that Defendant is not receiving credit for presentence imprisonment in 2CPC-18-0000844(4) because Defendant has already been credited for the presentence imprisonment in 2CPC-18-0000315(4), 2CPC-18-0000348(4), 2CPC-18-0000413(4) and 2CPC-18-0000457(4), and 2cpc-18-0000844(4) is to be served consecutive to 2CPC-18-0000315(4), 2CPC-18-0000348(4), 2CPC-18-0000413(4) and 2CPC-18-0000457(4);

4.    The Court finds that Defendant entered into a plea agreement with the State wherein Defendant agreed to the above described consecutive sentence[.]

. . . .

Conclusions of Law

1.    "[W]hen consecutive sentences are imposed, credit for presentence imprisonment is properly granted against only the aggregate of the consecutive sentence terms." State v. Tauiliili, 96 Hawai'i 199, 29 P.3d 918 (2001).

2.    "Based on its plain language [of HRS § 706-671(1)], a person is entitled to presentence detention credit if (1) the person is a defendant (2) sentenced to imprisonment (3) who had previously been detained in a State institution (4) following the person's arrest (5) for the crime which sentence was imposed." State v. Abihai, SCWC-17-0000546 at 21 (2000).

3.    The Court concludes Defendant is receiving credit for presentence imprisonment in compliance with Tauiliili and Abihai[.]

4

Vaden timely filed a notice of appeal.

## II. Discussion

Vaden contends the circuit court erred by not granting him 340 days of incarceration credit with respect to his sentences in this case, in addition to the 340 days of credit he already received with respect to his sentences in the other four cases. Specifically, he argues: (1) that "[t]he circuit court's failure to deduct [340 days of incarceration credit] from the maximum term of imprisonment is a glaring violation of the Double Jeopardy Clauses and HRS § 706-671" and (2) the circuit court erred in concluding that "Vaden cannot be credited with time served because the sentence in this case runs consecutively to four unrelated cases."

"The question whether a proceeding violates the constitutional prohibitions against double jeopardy is reviewed *de novo*." State v. Lee, 91 Hawai'i 206, 209, 982 P.2d 340, 343 (1999). "Statutory interpretation is a question of law reviewable *de novo*." State v. Abihai, 146 Hawai'i 398, 406, 463 P.3d 1055, 1063 (2020) (original emphasis omitted).

HRS § 706-671 (2014) provides in relevant part:

(1) When a defendant who is sentenced to imprisonment has previously been detained in any State or local correctional or other institution following the defendant's arrest for the crime for which sentence is imposed, such period of detention following the defendant's arrest shall be deducted from the minimum and maximum terms of such sentence. The officer having custody of the defendant shall furnish a certificate to the court at the time of sentence, showing the length of such detention of the defendant prior to sentence in any State or local correctional or other institution, and the certificate shall be annexed to the official records of the defendant's commitment.

(2) When a judgment of conviction or a sentence is vacated and a new sentence is thereafter imposed upon the defendant for the same crime, the period of detention and imprisonment theretofore served shall be deducted from the minimum and maximum terms of the new sentence. The officer having custody of the defendant shall furnish a certificate to the court at the time of sentence, showing the period of imprisonment served under the original sentence, and the certificate shall be annexed to the official records of the defendant's new commitment.

(emphases added).

As an initial matter, we note that neither Vaden nor the State makes a clear distinction between presentence credit

under HRS § 706-671(1) and probation incarceration credit under HRS § 706-671(2) in the calculation of the asserted 340 days for time served.[3] On appeal, Vaden asserts that HRS § 706-671(2) controls and requires that he receive credit for the full 340 days.[4] However, HRS § 706-671(2) applies only to the time served while Vaden was incarcerated as a condition of his probation and not to any presentence incarceration. In essence, Vaden's contention that HRS § 706-671(2) controls results in his waiving any argument that he is entitled to presentence credit under HRS § 706-671(1). However, if Vaden's contentions in his Motion to Reconsider Sentencing are correct, see footnote 3, a significant part of the 340 credit days he seeks is based on presentence credit. It also appears that at least part of the 340 days consists of days Vaden was incarcerated after the probation sentence was entered on May 13, 2019. In short, it appears that: both HRS §§ 706-671(1) and (2) are implicated in this case; Vaden asserted both provisions in the circuit court; but Vaden asserts only HRS § 706-671(2) controls in his reply brief. Ultimately, we conclude the record is unclear as to what portion of the 340 days constitutes presentence days and probation sentence days, but with respect to either type of credit due, Vaden is not

---

[3] The State does not challenge Vaden's calculation of 340 days in credit for time served. However, neither party's appellate briefing addresses how the 340 days was determined or the time periods of which it consists.

In Vaden's Motion to Correct and Clarify Order of Resentencing (**Motion to Reconsider Sentencing**), filed in the circuit court on May 1, 2020, he claims the 340 days consists of the following: 255 days between November 9, 2018 to July 22, 2019; and 85 days between December 5, 2019 to February 28, 2020. These dates appear to be in reference to the following: on November 9, 2018, Vaden was arrested; on July 22, 2019, Vaden was ordered released from Maui Community Correctional Center following his petition to the Maui Drug Court Program.; on December 5, 2019, Vaden was again taken into custody; on February 28, 2020, Vaden was sentenced.

[4] In Vaden's Motion to Reconsider Sentencing filed in the circuit court, he cited HRS § 706-671(1). Then, in a supplemental memorandum, Vaden also relied on HRS § 706-671(2). At the second hearing on Vaden's Motion to Reconsider Sentencing, Vaden urged the circuit court to deduct his presentencing credit pursuant to HRS § 706-671(2). The circuit court's FOF/COL/Order relied on HRS § 706-671(1). Although Vaden cites both subsections in the opening brief and reply brief, Vaden states in his reply brief that HRS § 706-671(2) controls in this case.

entitled to a double credit for those days under the circumstances in this case.

The Hawai'i Supreme Court in State v. Delima, held that a probationer who violated probation and was subsequently sentenced under HRS § 706-625(e)[5] was entitled to credit for time served pursuant to HRS § 706-671(2) where the defendant's imprisonment had been a condition of probation. 78 Hawai'i 343, 346-48, 893 P.2d 194, 197-99 (1995). Here, imprisonment was an original condition of Vaden's probation and he was imprisoned before his release pursuant to petition into the Maui Drug Court Program.

Vaden first argues that the circuit court's failure to deduct his term of probation imprisonment violates the double jeopardy clause. North Carolina v. Pearce, 395 U.S. 711, 718-719 (1969) ("[T]he constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." (footnote omitted)); State v. Taparra, 82 Hawai'i 83, 89, 919 P.2d 995, 1001 (App. 1996) ("[T]the prohibition against multiple punishments for the same offense set forth in Pearce also inheres in our state constitution. See Haw. Const. art. 10, § 1[.]"). However, it is undisputed that Vaden received credit for 340 days of time served with respect to his sentence in the other four cases, for which he was sentenced simultaneously in this case. Further, Vaden's plea agreement specifically provided that if he did not successfully complete the Maui Court Drug Program, his sentencing terms for this case would be consecutive to his sentencing in the other four cases. None of the cases that Vaden cites stand for the proposition that he is entitled to be twice

---

[5] Delima cites to HRS § 706-625(e), an earlier version of HRS § 706-625(5), which is not materially different. HRS § 706-625(5) (2014) provides:

> (5) When the court revokes probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which the defendant was convicted.

credited for time served, especially with respect to sentences which he agreed would be imposed as <u>consecutive</u> sentences.

At the continued hearing on Vaden's Motion to Reconsider Sentencing, the circuit court relied on <u>Tauiliili</u> and determined that Vaden was not entitled to be twice credited for time served. In <u>Tauiliili</u>, the Hawai'i Supreme Court held that, "[o]nce credit has been granted, no additional purpose is served by granting a second or 'double credit' against a later consecutive sentence." <u>Id.</u> at 199, 29 P.3d at 918 (citation omitted).[6]

> Thus, when concurrent sentences are imposed, presentence credit is applied once. The credit applied once, in effect, is applied against each concurrent sentence. This is done because the longest term of the concurrent sentences determines the total length of the imprisonment. However, <u>when consecutive sentences are imposed, credit for presentence imprisonment is properly granted against only the aggregate of the consecutive sentence terms</u>.

<u>Id.</u> (emphasis added).

Vaden argues that the instant case is distinguishable from <u>Tauiliili</u>, as "<u>Tauiliili</u> addressed the application of jail credit to three counts in a single case[,]" and prohibited "duplicative applications of the same credit to offenses within a single case." Vaden argues that because he was "in custody for five separate cases and accrued credit for each case at the same time[,]" the circuit court erred in "extinguish[ing] Mr. Vaden's jail credit merely because it was accrued simultaneously with the other cases."

Vaden relies on <u>Garcia v. State</u>, 125 Hawai'i 429, 263 P.3d 709 (2010), <u>State v. Kaluna</u>, 106 Hawai'i 198, 103 P.3d 358 (2004), and <u>Killion v. State</u>, No. 29077, 2009 WL 484411, at *1 (Haw. App. Feb. 24, 2009) (mem.) (<u>cert. denied</u>, 120 Hawai'i 419,

---

[6] Although <u>Tauiliili</u> applied presentence credit under HRS § 706-671(1), Vaden argues for the first time in the reply brief that the policy rationale discussed by the Hawai'i Supreme Court should not apply to the instant case because the policy considerations are not implicated in probation incarceration credit pursuant to HRS § 706-671(2). This argument is waived. Moreover, Vaden fails to raise any meritorious argument as to why a different result should obtain with respect to probation incarceration credit, especially where he expressly agreed to consecutive sentencing should he fail to successfully complete the Maui Drug Court Program, which is what occurred.

209 P.3d 133), to support the proposition that the Hawai'i Supreme Court has consistently limited the ruling in Tauiliili to consecutive counts within a single case.[7] He argues that "[m]ultiple cases call for multiple calculations and deductions of jail credit in each case." However, Vaden's attempt to limit the application of Tauiliili on this basis is without merit. Tauiliili is dispositive on this issue, i.e., whether credit for time served should apply to consecutive sentences.

In Tauiliili, the defendant was sentenced to ten years each for Count I and Count II, and five years for Count III. 96 Hawai'i at 197, 29 P.3d at 916. The circuit court ordered the sentences for Count I and Count II to run concurrently, and for Count III to run consecutively to the sentences for Count I and II. Id. Tauiliili filed a motion seeking an order granting presentence credit for time served, arguing that "he was entitled to credit against each sentence." Id. The circuit court disagreed, holding that Tauiliili was entitled to credit for presentence detention, but was not entitled to presentence imprisonment credit toward each consecutive sentence. Id. The circuit court determined that the legislative purpose of HRS § 706-671 is to "put a defendant who has been incarcerated presentence in the same position that a defendant would be in if he were not incarcerated presentence." Id. The circuit court further concluded that "the credit for time served had been applied to all offenses, thereby placing Tauiliili in the same position as he would have been had he been sentenced the day he was taken into custody." Id.

The Hawai'i Supreme Court affirmed, holding that "[o]nce credit has been granted, no additional purpose is served by granting a second or 'double credit' against a later consecutive sentence." Tauiliili, 96 Hawai'i at 199, 29 P.3d at 918 (emphasis added). Thus, "when concurrent sentences are

---

[7] The issue before the court in each of these cases centered on the retroactive application of Tauiliili, and not the court's intent to limit Tauiliili to consecutive counts within a single case. Garcia, 125 Hawai'i at 431, 263 P.3d at 711; Kaluna, 106 Hawaii at 202-03, 103 P.3d at 362-63; Killion, 2009 WL 484411, at *5-6.

imposed, presentence credit is applied once[. . . .] However, when consecutive sentences are imposed, credit for presentence imprisonment is properly granted against only the aggregate of the consecutive sentence terms." Id. (emphasis added).

The Hawaiʻi Supreme Court further held:

> [T]o allow multiple credit for consecutive sentences would defeat the legislative purpose underlying consecutive sentencing. Were this not so, the more consecutive sentences a criminal defendant received, the more credit he would accrue for presentence imprisonment. This would not be the result intended by the legislature, as this construction of the statute would actually penalize those who could afford to post bail and would thus defeat the purpose of "equalization" noted in the commentary to HRS § 706-671 (1993).

Id. (emphasis added).

Here, although Vaden attempts to distinguish Tauiliili based on the fact that his sentences were imposed in separate cases, this distinction is not persuasive. The Hawaiʻi Supreme Court's analysis in Tauiliili is equally germane whether a sentence is being imposed consecutively to other sentences in the same case, as in Tauiliili, or consecutively to sentences imposed in a separate case, as here. To grant credit for time served based on the number of cases would be contrary to the legislative policy underlying HRS § 706-671. See Tauiliili, 96 Hawaiʻi at 199, 29 P.3d at 918 (holding that to allow for multiple credit for consecutive sentences would defeat the purpose underlying consecutive sentencing because "the more consecutive sentences a criminal defendant received, the more credit he would accrue for presentence imprisonment.").

Here, as in Tauiliili, Vaden received full credit toward the aggregate of his consecutive sentences. In arguing a distinction between consecutive sentences imposed in the same case versus in separate cases, Vaden asserts a distinction without any material difference. The circuit court found that because Vaden received credit in the other four cases, Vaden already received full credit for the total aggregate sentence because the circuit court sentenced Vaden consecutively to the other four cases pursuant to the plea agreement.

10

Further, Vaden's reliance on Abihai is unpersuasive, as that case undermines his position.[8] There, Abihai was serving a life term imprisonment for multiple felonies. Id. at 400, 463 P.3d at 1057. He was arrested after he left a work furlough, and was later charged with escape in the second degree. Id. The circuit court imposed a five-year prison term for the separate escape conviction to run concurrent to his life sentence and denied him credit for time served. Id. The Hawai'i Supreme Court held that Abihai was entitled to presentence credit for time served while in custody for the escape charge pursuant to HRS § 706-671(1) for "presentence time served in connection with the offense for which the defendant is being sentenced[.]" Id. at 410, 463 P.3d at 1067. The Hawai'i Supreme Court cited Tauiliili in support, stating:

> Tauiliili held that a defendant is entitled to presentence detention credit on each of the cases for which a defendant is sentenced to concurrent sentences. 96 Hawai'i at 199, 29 P.3d at 918. As noted, the circuit court sentenced Abihai to serve his five-year sentence for the escape conviction concurrently with his life sentence for his previous convictions.

Abihai, 146 Hawai'i at 410, 463 P.3d at 1067 (emphases added). Thus, the Hawai'i Supreme Court's ruling in Abihai applied Tauiliili, granting Abihai presentence credit to his concurrent sentences, regardless that he was being sentenced in a separate case. See id. Abihai did not involve consecutive sentences, but it is pertinent that the Hawai'i Supreme Court applied Tauiliili and did not distinguish time served based on whether the sentences were imposed in the same case or a separate case. See id. Here, the circuit court imposed Vaden's sentencing terms, in all five cases, pursuant to one plea agreement, after he failed to complete the Maui Drug Court Program.

___

[8] Although Vaden claims that Abihai allowed for presentencing credit to accrue while a defendant was serving time in an unrelated case, Abihai did not overturn March. The Hawai'i Supreme Court in Abihai held that the defendant was not entitled to presentence detention credit under HRS § 706-671(1) while he was in custody for the unrelated felony convictions. 146 Hawai'i at 408, 463 P.3d at 1065. However, once the defendant was held to answer for the charge against him in the instant case, with bail set at $10,000, HRS § 706-671(1) entitled Abihai to presentence detention credit. Id.

In light of the Hawai'i Supreme Court's ruling in Tauiliili, and the policy objectives stated therein, Vaden was not entitled to receive 340 days of credit on the concurrent sentences imposed for the other four cases, and an <u>additional</u> 340 days of credit on the <u>consecutive</u> sentence in this case. To grant Vaden the credit he asserts in this case would allow for a "double credit," or 680 days of credit on the aggregate of the consecutive sentences, which is contrary to the holding in Tauiliili.

Accordingly, we hold that the circuit court correctly held that Vaden's 340 day credit applied only once against the aggregate of his consecutive sentences.

### III. Conclusion

We affirm the Circuit Court of the Second Circuit's FOF/COL/Order entered on June 26, 2020.

DATED: Honolulu, Hawai'i, October 29, 2021.

On the briefs:

Benjamin E. Lowenthal,
Office of the Public Defender,
for Appellant-Defendant.

Richard B. Rost,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge