LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29725

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DAVID GARCIA aka Howard Garcia, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 08-1-0012 (Cr. No. 96-1330))

2010 JUN 23 AM 8: 18

FILED

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Leonard, JJ.)

Petitioner-Appellant David Garcia aka Howard Garcia (Garcia) appeals from the "Findings of Fact, Conclusions of Law and Order Denying Petitioner's January 10, 2008 Nonconforming Petition for Post-Conviction Relief" (Order) filed on March 18, 2009 in the Circuit Court of the First Circuit (circuit court).[1]

On appeal, Garcia contends (1) the circuit court erred by concluding that recalculation of his detention credit, as specified in State v. Tauiliili, 96 Hawai'i 195, 29 P.3d 914 (2001), did not violate the *ex post facto* clause of the United States Constitution and his due process rights; (2)  Tauiliili may not be applied retroactively; and (3) a review of the transcript from his sentencing hearing indicates that his detention credit would be applied to his consecutive term.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Garcia's appeal is without merit.

"Retroactive application of a law that imposes a greater punishment than the law in effect when the crime was committed is forbidden by the Ex Post Facto clauses of the Constitution."  Davis v. Moore, 772 A.2d 204, 215-16 (D.C. 2001)

---

[1]  The Honorable Virginia Lea Crandall presided.

(footnote omitted). "The United States Supreme Court has made it clear that the constitutional prohibition against *ex post facto* measures applies only to legislative enactments." State v. Jess, 117 Hawai'i 381, 407, 184 P.3d 133, 159 (2008). Hawaii Revised Statutes (HRS) § 706-671 was first enacted in 1972 by Act 9, § 1, and to date the language remains the same (except for a gender change). Tauiliili expressed an interpretation of HRS § 706-671 and did not change its statutory language or any prior ruling on its effect. Since HRS § 706-671 has not changed since Garcia committed his offenses, there is no *ex post facto* prohibition against applying Tauiliili to Garcia's sentence. Therefore, the circuit court correctly concluded that the Hawai'i Paroling Authority (HPA) did not violate the *ex post facto* clause when it applied Tauiliili to correct Garcia's sentence.

"[L]imitations on *ex post facto* judicial decisionmaking are inherent in the notion of due process." Jess, 117 Hawai'i at 407, 184 P.3d at 159 (internal quotation marks and citation omitted). The test for analyzing whether a newly announced judicial doctrine can apply retroactively is grounded in concepts of notice and foreseeability. Id. at 408, 184 P.3d at 160 (citing to Rogers v. Tennessee, 532 U.S. 451, 459 (2001), and Bouie v. City of Columbia, 378 U.S. 347, 351, 352, & 354-55 (1697)). "[J]udicial reformation of the law violates the principle of fair warning, and hence must not be given retroactive effect, only where it is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." Jess, 117 Hawai'i at 408, 184 P.3d at 160 (internal quotation marks and citation omitted). "An unforseeable interpretation of a statute that increases punishment, if applied retroactively, could violate due process." Campbell v. United States Parole Comm'n, 563 F. Supp.2d 23, 26 (D.D.C. 2008) (citing to Bouie, 378 U.S. at 353-54).

Under a Hawai'i due process analysis as to whether application of a judicial decision is unexpected and

indefensible, the court focuses on "(1) whether the change wrought by the judicial decision is detrimental or remedial to the defendant's interests; and (2) whether the change is substantive or procedural in nature." Jess, 117 Hawai'i at 408, 184 P.3d at 160.

Under HPA's administrative rules, presentence credit could only be applied once. Garcia was sentenced to ten years for each of Counts I through V, Count I to run consecutively to Counts II through IV, which were to run concurrently. The sentence as a whole was to be served concurrent with Garcia's then unexpired term, which terminated in 2001, in another case. Garcia's minimum term for each of Counts I through V was seven years. Garcia's admission date was March 3, 1998. Thus, Garcia must serve his longest concurrent minimum sentence (seven years) followed by another seven-year consecutive minimum sentence. In accordance with Hawai'i Administrative Rules (HAR) § 17-1204-17[2] (Credit Application Towards Minimum Sentence Expiration Date for Sentenced Felons), Garcia's presentence credit is applied to his first seven-year minimum term beginning on March 3, 1998, not to each minimum term.

HAR § 17-1204-17 was promulgated in 1985. In 2001, when the court in Tauiliili stated that presentence credit could only be applied once to consecutive sentences, it was not unexpected that HRS § 706-671 would be interpreted to mean that presentence credit could only be applied once to the aggregate minimum sentence. The holding in Tauiliili was not a reformation or departure from an existing HPA rule. Rather, it was consistent with HPA's longstanding practice of only applying presentence credit once to a minimum sentence expiration date. Also, HPA's application of Tauiliili to Garcia was procedural in nature because the application was to correct HPA's prior misapplication of presentence credit in order to conform to the

---

[2] HAR § 17-1204-17 was repealed on April 15, 2000.

law as it existed prior to and after <u>Tauiliili</u>. Thus, Garcia's due process rights under the Hawai'i Constitution were not violated by the application of <u>Tauiliili</u> in this case.

Application of <u>Tauiliili</u> did not violate Garcia's due process rights under the United States Constitution. <u>See, e.g.</u>, <u>United States Parole Comm'n v. Noble</u>, 693 A.2d 1084 (D.C. 1997), and <u>Davis</u>. In <u>Noble</u>, the District of Columbia Court of Appeals held that based upon its statutory interpretation of the Good Time Credits Act of 1986 (GTCA), a defendant under the supervision of the United States Parole Commission was not entitled to street time credit after his parole was revoked. <u>Noble</u>, 693 A.2d at 1085-94. In <u>Davis</u>, the court stated that its decision in <u>Noble</u> applied retroactively. <u>Davis</u>, 772 A.2d at 208-09. Prior to <u>Noble</u>, the District of Columbia Department of Corrections gave street time credit after parole was revoked based upon its interpretation of the GTCA. <u>Davis</u>, 772 A.2d at 209. The United States Parole Commission disagreed with the District of Columbia Department of Corrections and did not give street time credit after parole was revoked. <u>Id.</u> at 209-10. Thus, prisoners were subjected to disparate treatment depending on the facility in which they were located, and a legal challenge ensued resulting in <u>Noble</u>. <u>Davis</u>, 772 A.2d at 210-11. After <u>Noble</u>, the District of Columbia Department of Corrections denied street time credit after parole was revoked and recalculated sentences based on <u>Noble</u> to all prisoners still in custody. <u>Davis</u>, 772 A.2d at 208.

The appellants in <u>Davis</u> then filed suit claiming that <u>Noble</u> should not be retroactively applied to appellants because they were in a facility located within the District of Columbia, <u>Noble</u> violated due process and *ex post facto* clauses of the United States Constitution, and they reasonably relied upon the District of Columbia Department of Corrections' policy to award street time credit after parole revocation. <u>Davis</u>, 772 A.2d at 214. The <u>Davis</u> court held, inter alia, that the appellants' due

process rights under the United States Constitution were not violated by retroactive application of <u>Noble</u> because the court's statutory interpretation in <u>Noble</u> was not unforeseeable and equitable considerations did not justify only prospective application. <u>Davis</u>, 772 A.2d at 214-15. In addition, the <u>Davis</u> court held that "it is a well established rule that a prisoner has no constitutional right to object to the correction of a miscalculation of his sentence." <u>Id.</u> at 219. "Only in rare circumstances have courts allowed the misconstructions of officials to estop the proper execution of state or federal law, and such cases have involved prejudice and harm beyond frustrated expectations." <u>Id.</u> (internal quotation marks and citation omitted).

Finally, there is nothing in the transcript or Garcia's plea agreement to indicate that the parties agreed that Garcia would receive credit for the detention time for each count.

Therefore,

IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law and Order Denying Petitioner's January 10, 2008 Nonconforming Petition for Post-Conviction Relief" filed on March 18, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 23, 2010.

On the briefs:

Glenn D. Choy
for Petitioner-Appellant.

Diane K. Taira
Darcy H. Kishida,
Deputy Attorneys General,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge