LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29907

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ALVIN JARDINE, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 08-1-0018(1) (Cr. No. 91-0004(1))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Petitioner-Appellant Alvin Jardine (Jardine or Petitioner) appeals from the Findings of Fact, Conclusions of Law and Order Dismissing Petition for Writ of Habeas Corpus and Rule 40 Petition for Post-conviction Relief (Order) filed on June 2, 2009 in the Circuit Court of the Second Circuit[1] (circuit court).[2]

On September 26, 2008, Jardine filed a petition (Petition) for a writ of habeas corpus pursuant to Hawaii Revised Statutes (HRS) § 660 and for post-conviction relief pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40. Jardine claimed that under Ringor v. State, 88 Hawai'i 229, 965 P.2d 162 (App. 1998), his constitutional right to due process had been violated because the Hawai'i Paroling Authority (HPA) failed to hold a

---

[1] The Honorable Joel E. August presided.

[2] Jardine originally filed his petition in the Circuit Court of the First Circuit; the First Circuit Court transferred the petition to the second circuit.

final revocation hearing in Cr. No. 87-0211. Jardine admitted that "[o]n October 10, 1995, Petitioner's sentence in [Cr.] No. 87-0211 expired upon serving of the maximum term." Jardine claimed that the Department of Public Safety improperly changed the sentence issued by the circuit court and requested that his presentence credit be restored with application of State v. Tauiliili, 96 Hawai'i 195, 29 P.3d 914 (2001). Jardine stated that one of his parole requirements was participation in the Sex Offender Treatment Program (SOTP) and he requested a transfer to a facility where SOTP was available. Citing State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007), and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000) and its progeny, Jardine claimed that a jury failed to make necessary findings of fact in order to increase his sentence.

On June 2, 2009, the circuit court issued its Order denying Jardine's Petition. Jardine timely appealed.

On appeal, Jardine challenges the Petition's Findings of Fact (FOFs) 7 and 8 and Conclusions of Law (COLs) 3, 5, 6, 7, 10, and 11. Jardine contends:

(1) his right to due process was violated when the HPA failed to provide him with a final revocation hearing in Cr. No. 87-0211;

(2) if the HPA had not improperly revoked his parole in Cr. No. 87-0211, his sentence in Cr. No. 97-0004 would have begun much earlier than the expiration of his maximum sentence on August 8, 1995 in Cr. No. 87-0211;

(3) the circuit court's application to his case of the holding in Tauiliili is improper, but if Killion v. State, No. 29077 (App. Feb. 24, 2009) (mem.), cert. denied, 120 Hawai'i 419, 209 P.3d 1233 (June 3, 2009), is upheld, his claim fails; and

(4) because HPA imposed the SOTP requirement for his parole, he has a liberty interest in receiving SOTP programming within one year prior to the expiration of his minimum term.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that for the reasons set forth below, the challenged FOFs are not erroneous and COLs are not wrong and Jardine's appeal is without merit.

This court's opinion in Ringor was issued in 1998. Ringor cannot be applied to Cr. No. 87-0211 because, as Jardine admitted, his maximum sentence in Cr. No. 87-0211 expired on October 10, 1995. This court cannot grant relief pursuant to HRPP Rule 40 because Jardine's maximum sentence was complete by the time Ringor was issued, making the issue of a final revocation hearing in Cr. No. 87-0211 moot.

The HPA properly recalculated Jardine's presentence detention credit pursuant to Tauiliili.

The HPA set Jardine's minimum sentence in Cr. No. 97-0004 for Counts 1 to 8 at 12 years, Count 9 at 2 years, and Count 10 at 6 years. Because the circuit court ordered that the sentences for Counts 1 to 8 run consecutively to Counts 9 and 10, and Count 9 run consecutively to Count 10, Jardine's minimum sentence is 20 years. After proper recalculation and application of his presentence detention credit of 519 days for only one sentence, Jardine's mandatory minimum sentence does not expire until March 2, 2014. Jardine is not within one year prior to the expiration of his minimum sentence.

Therefore,

IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law and Order Dismissing Petition for Writ of

3

Habeas Corpus and Rule 40 Petition for Post-conviction Relief filed on June 2, 2009 in the Circuit Court of the Second Circuit is affirmed.

DATED:   Honolulu, Hawai'i, July 21, 2010.

On the briefs:

Alvin Jardine,
Petitioner-Appellant pro se.

Diane K. Taira and
Darcy H. Kishida,
Deputy Attorneys General,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

4