NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000566
24-JUN-2024
08:00 AM
Dkt. 46 SO

NO. CAAP-23-0000566

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MITCHELL PERALTO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5PC970000155)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant Mitchell Peralto (**Peralto**) appeals from the Second Order of Resentencing entered by the Circuit Court of the Fifth Circuit (**circuit court**) on September 26, 2023.[1] The issue before this court is whether the circuit court

---

[1] The Honorable Kathleen N.A. Watanabe presided.

erred in ruling that Peralto's terms of imprisonment would run consecutively.

Peralto was charged in 1997 with: (1) Kidnapping, in violation of Hawaii Revised Statutes (**HRS**) § 707-720 (**Count 1**); and (2) Murder in the Second Degree, in violation of HRS §§ 707-701.5 and 706-656 (**Count 2**).  In January 1998, a jury found Peralto guilty as charged on both counts.  In July 1998, Peralto was sentenced to enhanced sentences on both counts:  life imprisonment with the possibility of parole for Count 1, and life imprisonment without the possibility of parole for Count 2. The circuit court ordered the sentences to be served consecutively.

In March 2001, the Hawaiʻi Supreme Court vacated Peralto's enhanced sentence for Count 2 (Murder).  See State v. Peralto, 95 Hawaiʻi 1, 18 P.3d 203 (2001) (abrogated on other grounds by State v. Kato, 147 Hawaiʻi 478, 465 P.3d 925 (2020)). Pursuant to this decision, Peralto was resentenced on June 29, 2004, as follows,

> IT IS HEREBY ADJUDGED, ORDERED AND DECREED that [Peralto] is sentenced as follows:
>
> As to Count I: Kidnapping:  [Peralto] is committed to the custody of the Director of Public Safety for imprisonment for **LIFE WITH THE POSSIBILITY OF PAROLE.**
>
> As to Count II: Murder in the Second Degree:  [Peralto] is committed to the custody of the Director of Public Safety for imprisonment for **LIFE WITH THE POSSIBILITY OF PAROLE WITH A MANDATORY MINIMUM TERM OF TEN YEARS.**

IT IS FURTHER ORDERED that the **PERIODS OF CONFINEMENT AS TO COUNT I AND COUNT II SHALL RUN CONSECUTIVELY.**

(Emphasis in original).

On January 3, 2006, the Hawaii Paroling Authority (**HPA**) set Peralto's minimum term of imprisonment for Count 1 (Kidnapping) at twenty-five years, to expire on July 4, 2022.[2] The HPA fixed Peralto's minimum term of imprisonment for Count 2 (Murder) at forty years, with an expiration date to expire forty years after his minimum term for Count 1 had expired.  The HPA thus notified Peralto that his Count 1 term would run first, before his Count 2 consecutive term of imprisonment began.

In January 2023, Peralto petitioned, pursuant to Hawaiʻi Rules of Penal Procedure Rule 40, for post-conviction relief (**Rule 40 petition**).  Peralto's Rule 40 petition alleged ineffective assistance of counsel because Peralto's trial counsel did not object to his charging via complaint, instead of by a grand jury, as required pursuant to State v. Obrero, 151 Hawaiʻi 472, 517 P.3d 755 (2022).  After hearing Peralto's Rule 40 petition, the circuit court vacated Peralto's extended

---

[2]     Pursuant to HRS § 706-669(1) (2014),

[w]hen a person has been sentenced to an indeterminate or an extended term of imprisonment, the Hawaii paroling authority shall, as soon as practicable but no later than six months after commitment to the custody of the director of the department of [public safety] hold a hearing, and on the basis of the hearing make an order fixing the minimum term of imprisonment to be served before the prisoner shall become eligible for parole.

sentence for Count 1, and denied all other relief.  In September 2023, the circuit court resentenced Peralto, as to Count 1, as follows,

> [Peralto's] sentence as to Count 1: Kidnapping, pursuant to the Judgment filed herein on July 10, 1998, is hereby amended and the defendant is hereby resentenced as follows:
>
> **AS TO COUNT 1: KIDNAPPING:**
>
> A.   You shall be committed to the custody of the Director of the Department of Public Safety for imprisonment for a period of twenty (20) years with credit for time already served; mittimus to issue forthwith.  **Term of incarceration shall be served consecutively to Count 2: Murder in the Second Degree pursuant to the Judgment filed on July 10, 1998, as amended pursuant to the Order Re-Sentencing Defendant Mitchell Peralto filed on June 29, 2004, and as amended pursuant to the Amended Order Re-Sentencing Defendant Mitchell Peralto filed on December 9, 2005.**

(Emphasis in original).

Thus, when Peralto was resentenced in September 2023, his 20-year maximum term for Kidnapping in Count 1 had expired, and he was already serving his 40-year minimum term for Murder in Count 2.

On appeal, Peralto raises two points of error, contending that the circuit court: (1) "Erred in Sentencing [Peralto] to Consecutive Terms [of imprisonment] Pursuant to the Court's Interpretation of HRS § 706-668.5"; and (2) "Committed Plain Error in Depriving [Peralto] of a Jury Determination on Consecutive Sentencing."  Upon careful review of the record and relevant legal authorities, we resolve Peralto's points of error as follows.

4

(1) Peralto contends that the circuit court misinterpreted HRS § 706-668.5, thereby sentencing him to an illegal prison sentence, because "consecutive sentencing could not be imposed to an expired term[.]" Peralto maintains that the circuit court had previously vacated his life sentence for Count 1, and, upon resentencing him to twenty years for Count 1 —— a period of time that had already expired, Peralto's sentence for Count 2 could not then be imposed *consecutively* to the already-expired sentence for Count 1.

"The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision." State v. Tauiliili, 96 Hawaiʻi 195, 198, 29 P.3d 914, 917 (2001) (cleaned up). We conclude that the circuit court erred by ordering consecutive sentences when Peralto had already served the sentence imposed for Count 1, and his sentence for Count 2 was the only unexpired prison sentence remaining.

HRS § 706-668.5 (Supp. 2022) provides, in pertinent part,

> (1) If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or **if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment**, **the terms may run concurrently or consecutively.** Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively.

(Emphasis added).

5

The circuit court did two things at the September 2023 hearing: first, it resentenced Peralto to a prison term of twenty years for Count 1, and second, it ordered that the newly imposed twenty-year term would begin to run after the previously imposed life term for Count 2 expired. The circuit court explained,

. . . .

> this Court is resentencing you, Mr. Peralto, as follows:
>
> As to Count One, kidnapping, the Court is ordering that you be committed to the custody of the director of Department of Public Safety for imprisonment for a period of 20 years. You'll be given credit for time served. Mittimus to issue forthwith.
>
> That sentence will run consecutive to the sentence that you're currently serving on Count Two, Murder in the Second Degree.

Peralto had already served nearly twenty-six years in prison at the time he was resentenced to a twenty-year term for Count 1 in September 2023. The State itself concedes that it understands Peralto to have already served his twenty-year term for Count 1.[3]

On this record, according to the HPA's 2006 minimum term determination, Peralto's life sentence was the only remaining "unexpired" prison term after he was resentenced to a

---

[3] Although the HPA fixed Peralto's minimum term of imprisonment for Count 1 at twenty-five years, the reduction of Peralto's Count 1 sentence, from an enhanced life sentence with a twenty-five-year minimum, to an ordinary term of twenty-years imprisonment, would necessarily result in a new maximum term expiration date of no later than July 4, 2017. The State represented in its answering brief that, "The State does not dispute that [Peralto's] imprisonment term for Kidnapping, Count 1, expired in July of 2017."

twenty-year prison term for Count 1. A sentence cannot run consecutively with itself, and it cannot, pursuant to HRS § 706-668.5, run consecutively with an already expired prison sentence. The plain language of HRS § 706-668.5 provides that, "if a term of imprisonment is imposed on a defendant who is *already subject to an unexpired term of imprisonment*, the terms may run concurrently or consecutively." Id. (emphasis added); see State v. Abihai, 146 Hawaiʻi 398, 408, 463 P.3d 1055, 1065 (2020) ("[T]he fundamental starting point for statutory interpretation is the language of the statute itself. . . . [W]here the statutory language is plain and unambiguous, [the court's] sole duty is to give effect to its plain and obvious meaning."). HRS § 706-668.5 uses the word "term," not the word "sentence." Peralto's maximum term for Count 1 had expired, and he had already begun serving his term for Count 2 when he was resentenced. The circuit court therefore abused its discretion in ruling that Peralto's sentence of twenty-years imprisonment for Count 1 would run consecutively with the only prison sentence, for Count 2, that he was currently serving upon his resentencing for Count 1 in September 2023.

We therefore vacate the circuit court's Second Order of Resentencing in part, and remand for Peralto's twenty-year sentence for Count 1, and life sentence with parole for Count 2, to be imposed as concurrent sentences.

(2) Peralto contends that the circuit court committed plain error by "depriv[ing] [him] of his right to a jury in a determination of a consecutive sentence, which is in effect an extended term." In making this argument, Peralto acknowledges that he was not sentenced to an "extended term," but, relying on Flubacher v. State, 142 Hawaiʻi 109, 414 P.3d 161 (2018), he argues that "the effect of a consecutive sentence is, for all intents and purposes, an extended term, as it imposes a sentence more than and extends beyond the 20-year maximum sentence for a Class A felony offense of Kidnapping."

In Flubacher, the Hawaiʻi Supreme Court held that, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), Flubacher's sentence was illegal because "a judge, and not a jury, made the required finding that Flubacher's extended term sentence was necessary for the protection of the public." Id. at 118, 414 P.3 at 170. Peralto's reliance on Flubacher is misplaced.

In State v. Kahapea, 111 Hawaiʻi 267, 141 P.3d 440 (2006), the Hawaiʻi Supreme Court held that Apprendi is not applicable to the imposition of consecutive terms of imprisonment. See id. at 280, 141 P.3d at 453 (quoting People v. Wagener, 752 N.E.2d 430, 441-42 (Ill. 2001), for the proposition that: "[S]entences which run consecutively to each other are not transmuted thereby into a single sentence.

8

Because consecutive sentences remain discrete, a determination that sentences are to be served consecutively cannot run afoul of *Apprendi*, which only addresses sentences for individual crimes."). Pursuant to Kahapea, Peralto's contention that he was constitutionally entitled to a jury trial on the consecutive term sentences lacks merit.

For the foregoing reasons, we vacate the circuit court's Second Order of Resentencing, entered on September 26, 2023, in part, and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, June 24, 2024.

On the briefs:

Emmanuel G. Guerrero,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kaua'i,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge