**STATE OF HAWAII**, Plaintiff–Appellant, v. **DONNA KIRN**, Defendant–Appellee

NO. 12932

(TRAFFIC NOS. 32A–34A OF 1/12/88)

JANUARY 18, 1989

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

The primary issue in this appeal is whether the State has a right to an interlocutory appeal of a pretrial order suppressing evidence based upon a violation of the State's Administrative Rules. After finding we have appellate jurisdiction over this case, we affirm the lower court's order.

I.

On February 26, 1987, Defendant–Appellant Donna Kirn was arrested for Driving Under the Influence of Intoxicating Liquor in violation

of Hawaii Revised Statutes (HRS) § 291–4(a)(l) and (a)(2), and administered an intoxilyzer test by Honolulu Police Matron Elizabeth Zack (Zack). Before trial, Kirn moved to suppress the results of the intoxilyzer test. On January 12, 1988, at the close of the hearings on the motions, the court granted Kirn's written motion to suppress, and also granted a stay pursuant to the prosecution's oral notice of appeal from the suppression order. On April 20, 1988, the court issued its Findings of Fact, Conclusions of Law, and Order ruling that the State failed to lay proper foundation for the admission of the intoxilyzer results based upon its findings that: (l) Matron Zack failed to continuously observe Kirn for fifteen minutes before administering the intoxilyzer test as required under § 11–111–2.1(o) of the Hawaii State Administrative Rules (*Administrative Rules*); and (2) the State failed to adduce expert testimony that the beam attenuator is a reference sample for purposes of testing of the intoxilyzer under Title 11, Chapter 111 of the *Administrative Rules*.

## II.

The threshold issue is whether we have jurisdiction to hear this appeal.[1] HRS § 641–13(7) grants the State the right of interlocutory appeal from a pretrial motion to suppress in a criminal case.[2] Whether we have jurisdiction turns upon whether the court's Order was based upon a "motion for the suppression of evidence" within the meaning of § 641–13(7).

---

[1] In paragraph 1 of its Conclusions of Law, the court ruled that:

> 1. The Motion to Suppress appealed from should be considered a motion in limine and is not appealable. *See State v. Texeira*, 62 Haw. 44, 609 P.2d 131 (1980); HRS § 641–13(7); Dist. Ct. R. 33(b).

[2] HRS § 641–13(7) provides that an appeal may be taken by and on behalf of the State from the district or circuit courts to the supreme court subject to chapter 602, in all criminal cases:

> From a pretrial order granting a *motion for the suppression of evidence*, including a confession or admission, or the return of property in which case the intermediate court or the supreme court, as the case may be, shall give priority to such an appeal and the order shall be stayed pending the outcome of the appeal[.] (Emphasis added).

"Statutes granting the State the right of appeal in criminal cases must be strictly construed. They are not to be enlarged by construction and cannot be extended beyond their plain terms." *Territory v. Balarosa*, 34 Haw. 662, 665–66 (1938); *State v. Johnson*, 50 Haw. 525, 445 P.2d 36 (1968).

Kirn argues that "motions to suppress" are based upon alleged police misconduct which violate a defendant's constitutional rights, and since the Suppression Order is not based upon a constitutional violation, it is not appealable pursuant to HRS § 641–13(7).

Though the motion to suppress was originally conceived under Rule 41(e) of the Federal Rules of Criminal Procedure to protect an accused against illegal searches and seizures, Comment, *Motion in Limine*, 29 Ark. L. Rev. 215, 222 (1975), pretrial motions to suppress are not limited to admission of evidence which violates the Constitution. The scope of the motion to suppress is broader and includes within its ambit the exclusion of evidence *illegally* obtained. *Id.* at 223; *McCormick on Evidence* § 180, at 521 n.10 (3d ed. 1984); *Black's Law Dictionary* 914 (5th ed. 1979); 29 Am. Jur. 2d *Evidence* § 408, at nn.4–5 (1967). The illegal act warranting suppression of otherwise admissible evidence can consist of the State's violation of the defendant's constitutional rights, violation of a statute, or as in the instant case, violation of an administrative rule adopted pursuant to HRS Chapter 91, *State v. Tengan*, 67 Haw. 451, 457 n.8, 460, 691 P.2d 365, 370 n.8, 371–72 (1984), since such rules have the force and effect of law. *Abramson v. Board of Regents*, 56 Haw. 680, 548 P.2d 253 (1976); *Aguiar v. Hawaii Hous. Auth.*, 55 Haw. 478, 522 P.2d 1255 (1974).

We therefore hold that § 641–13(7) authorizes appellate jurisdiction to review orders granting pretrial motions to suppress based upon a violation of the State's Administrative Rules.

## III.

Turning to the merits of the case, the State argues that the court erred in ruling that the State failed to lay proper foundation for admission of the intoxilyzer results. In support, the State contends that the court relied upon its two erroneous findings of fact that Zack did not continuously observe Kirn for the fifteen minute observation period as required by

§ 11–111–2.1(o)(2) of the *Administrative Rules*,[3] and the State failed to show through expert testimony that the beam attenuator is a reference sample for purposes of Title 11, Chapter 111 of the *Administrative Rules*.[4]

Findings of Fact are reviewed by the "clearly erroneous" standard. *State v. Pestana*, 59 Haw. 375, 581 P.2d 758 (1978). The court's finding that Zack failed to continuously observe Kim for fifteen minutes prior to administering the intoxilyzer test is supported by the record. The intoxilyzer log dated February 26, 1987 indicated a test was administered to another female five minutes before the test was given to Kim. (Tr. 12/23/87 at 47–48). Matron Zack admitted the log entry was in her handwriting and that she fills in the log for tests she actually administers. (*Id.* at 53–55). When asked to describe the other female to which the test was administered, Zack had no independent recollection of that person, and admitted on redirect examination that it was possible she might have administered another test at 3:20 a.m., five minutes before she tested Kim.[5] (*Id.* at 53, 68). Based upon this record, we hold that the court's finding was not clearly erroneous.

Section 11–111–2.1(o)(2) of the *Administrative Rules* expressly requires that the suspect be continuously observed for fifteen minutes prior to collection of the breath sample. The court, after finding the State failed

---

[3] Section 11–111–2.1(o)(2) of the *Administrative Rules* provides that in administering an intoxilyzer breath test, the following procedural safeguard shall be adhered to:

> *Continuing observation of the subject for a minimum of fifteen minutes prior to collection of the breath sample*, during which period the subject shall not have ingested alcoholic beverages, vomited, eaten or smoked[.]" (Emphasis added).

[4] This question was decided in our decision in *State v. Christie*, 70 Haw. ___, 766 P.2d 1198 (1988), where we concluded that a Beam Attenuator is a suitable reference sample for purposes of Title 11, Chapter 111 of the *Administrative Rules*.

[5] The State also contends that it was deprived of the right to present cell block and phone call logs which would have corroborated Matron Zack's account of having observed Kim continuously for 15 minutes prior to administering the intoxilyzer test. The State's contention is without merit. The record reflects that the prosecutor elected to rest its case without entering the documents into evidence. (Tr. 12/29/87 at 102).

to satisfy this requirement, properly concluded that the test result lacked proper foundation for admission.

Affirmed.

*Lila B. LeDuc*, Deputy Prosecuting Attorney, for Plaintiff–Appellant.

*Howard Luke* (*David C. Schutter* and *Robert Merce* with him on the brief; of counsel, Schutter & Glickstein) for Defendant–Appellee.