STATE OF HAWAII, Plaintiff-Appellee, *v.* GLENN TADASHI TAKAHASHI, Defendant-Appellant

NO. 14004

(D.C. NO. TD43P OF 7/20/89)

APRIL 9, 1990

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Defendant Glenn Tadashi Takahashi (Defendant) appeals his bench trial conviction of driving under the influence of intoxicating liquor (DUI) in violation of Hawaii Revised Statutes § 291-4(a) (1985). Defendant contends that police officer Gail Becker (Officer Becker), the intoxilyzer model 4011AS (Intoxilyzer) operator, failed to continuously observe him for fifteen minutes before she administered the breath test as required by § 11-111-2.1(b) of the State Department of Health's Rules for the Testing of Blood, Breath and Other Bodily Substances for Alcohol Concentration (Rules). He therefore argues that since a proper foundation for the admission of the test result was lacking, the trial court erred in admitting it into evidence. We disagree and affirm the judgment of conviction.

I.

On November 26, 1988, Defendant was arrested for DUI. At the police station, he consented to a breath test, which was administered by Officer Becker.

At trial, Officer Becker testified that she kept Defendant under continuous observation from 12:35 a.m. to 12:50 a.m., prior to administering the Intoxilyzer breath test to Defendant. She stated that Defendant, even after repeated demonstrations, blew several shallow short breaths, instead of one long continuous breath as instructed. Thus, Officer Becker decided to give Defendant another test. The first test indicated a blood alcohol concentration (BAC) of 0.094 percent.

Officer Becker inserted a new test record card in the Intoxilyzer, replaced the mouth piece, and administered a second test

to Defendant at 1:00 a.m. She testified that from 12:35 a.m. to 1:00 a.m., she continuously observed Defendant who "did not eat, drink, or regurgitate anything." July 20, 1989 Transcript at 37. The BAC for the second test was 0.121 percent.

Honolulu Police Department Criminalist Milton Hong (Hong), a certified Intoxilyzer operator/supervisor who had been qualified as "an expert in the administration and use of intoxilyzer 4011AS," testified that he had tested the Intoxilyzer for accuracy. During his cross-examination, the following colloquy occurred:

Q Mr. Hong, when you conduct the first test and then later the second test, is there within [sic] an acceptable procedure in the amount of time you should wait before conducting the second test?

A Well, according to the guidelines we should start the 15 minute observation period over, however, in my experience with duplicate testing if the second test is taken almost immediately after the first test, we would get a lower result if both were optimal samples. This is because the equilibrium in the deep air lung sampling has not yet been achieved between lung air and blood.

*Id.* at 64.

The trial court admitted the second test result into evidence over Defendant's objection. After being found guilty of DUI, Defendant timely appealed.

## II.

We have held that "in meeting the foundational prerequisites for the admission of the Intoxilyzer test result there must be a showing of strict compliance with those provisions of the Rules which have a direct bearing on the validity and accuracy of the test result." *State v. Souza,* 6 Haw. App. 554, 559, 732 P.2d 253, 257 (1987) (footnote omitted). *Accord State v. Hamasaki,* 7 Haw. App. ____, ____, 783 P.2d 1235, 1237 (1989); *State v. Gates,* 7 Haw. App. ____, ____, 777 P.2d 717, 720 (1989).

Section 11-111-2.1(b) of the Rules provides as follows:

(b) The subject shall be continuously observed for not less than fifteen minutes prior to the collection of the breath sam-

ple, during which period the subject shall not have ingested alcoholic beverages, vomited, eaten or smoked.

This section of the Rules has a direct bearing on the validity and accuracy of the test result and must be strictly complied with. *See State v. Kirn,* 70 Haw. 206, 767 P.2d 1238 (1989).

Defendant relies on Hong's testimony that when a second breath test is administered after the first, there should be a new fifteen-minute observation period before the second test is administered. Noting that there was only a ten-minute observation period before the second test was administered in this case, Defendant claims a lack of strict compliance with § 11-111-2.1(b) of the Rules. We disagree.

Section 11-111-2.1(b) does not explicitly cover the situation where there is repeated breath testing. The section requires that a person not ingest anything, vomit, or smoke during a continuous fifteen-minute period immediately prior to his being tested. The purpose of the section is to obtain an accurate BAC reading without foreign substances skewing the result.

Here, the record indicates that Officer Becker continuously observed Defendant for a period of twenty-five minutes (12:35 a.m. to 1:00 a.m.) before administering the second test. During the twenty-five-minute period, Defendant did not ingest or regurgitate anything. Therefore, there was strict compliance with § 11-111-2.1(b) of the Rules. In fact, based on Hong's testimony, if Officer Becker had observed Defendant for an additional five-minute period, the BAC of the second test would have been no less than and may have been higher than 0.121 percent.

Accordingly, the trial court did not err in admitting the second Intoxilyzer test result into evidence.

Affirmed.

*Keith M. Kiuchi (Comack, Kiuchi & Nakamoto,* Attorneys at Law, of Counsel) for defendant-appellant.

*James H.S. Choi,* Deputy Prosecuting Attorney, for plaintiff-appellee.