**STATE OF HAWAII**, Plaintiff–Appellant, v. **KENNETH KAHALEWAI**, Defendant–Appellee

NO. 14366

(CR. NO. 89–0688)

NOVEMBER 26, 1990

LUM, C.J., PADGETT, WAKATSUKI, AND MOON, JJ., AND INTERMEDIATE COURT OF APPEALS CHIEF JUDGE BURNS, IN PLACE OF HAYASHI, J., RECUSED

OPINION OF THE COURT BY WAKATSUKI, J.

Kenneth Kahalewai was charged with first degree robbery and third degree assault. Pursuant to a plea bargain, Kahalewai pled no contest to a reduced charge of second degree robbery and to the

assault charge. One of the terms of the plea bargain was that Kahalewai would not request probation.

Contrary to the terms of the plea bargain, Kahalewai, prior to sentencing, sent a letter to the court requesting probation. The letter was attached to the presentence investigation report.

On the date of sentencing, the State argued that the plea agreement had been materially breached. It, therefore, asked the court to vacate Kahalewai's no–contest pleas to allow the State to proceed with prosecution on the original charges.

In response, the defense requested that Kahalewai's letter be stricken and that the court not consider it. The court declared the letter withdrawn and stated that it would not be considered in sentencing. Declaring that a breach no longer existed, the court sentenced Kahalewai pursuant to his no–contest pleas. Kahalewai was sentenced to probation.

The State appeals. Its contention is that when Kahalewai materially breached the plea agreement, the trial court should have released the State from its part of the bargain by allowing the State to prosecute on the original charges. It further contends that the trial court erred when it proceeded to sentence Kahalewai pursuant to the no–contest pleas.

The State's appeal is based on Hawaii Revised Statutes (HRS) § 641–13(6) (Supp. 1989), which provides:

> An appeal may be taken by and on behalf of the State from the district or circuit courts to the supreme court, subject to chapter 602, in all criminal cases, in the following instances:
>
> . . . .
>
> (6) From the sentence, on the ground that it is illegal.

The State, relying on *State v. Anderson*, 4 Haw. App. 102, 661 P.2d 716 (1983), contends that the sentence was imposed in an illegal manner even though it concedes that the trial court had authority to sentence Kahalewai to probation. It argues that a sentence

imposed in an illegal manner is an illegal sentence for purposes of HRS § 641–13(6). We do not agree.

The availability of appellate review sought by the State in a criminal case can be based only on clear statutory authority. This court has held that the statute must be strictly construed and that it cannot be extended beyond the plain meaning of the terms found therein. *Territory v. Balarosa*, 34 Haw. 662, 665–666 (1938). *See State v. Johnson*, 50 Haw. 525, 526, 445 P.2d 36, 37 (1968). *See also State v. Kirn*, 70 Haw. 206, 208, 767 P.2d 1238, 1239 (1989).

We hold that the plain language of § 641–13(6) allows an appeal from an illegal sentence—a sentence which the court is not authorized to impose—but does not allow an appeal from a sentence on the ground that the sentence was imposed in an illegal manner. Particularly "in view of double jeopardy concerns implicated in a criminal appellate situation," *State ex rel. Marsland v. Shintaku*, 64 Haw. 307, 311, 640 P.2d 289, 292 (1982), we will not expand the statute beyond its plain words and meaning.

Appeal is dismissed.

*Alexa D. M. Fujise* (*Vickie L. Silberstein* with her on the brief), Deputy Prosecuting Attorneys, for plaintiff–appellant.

*Richard T. Pafundi* for defendant–appellee.