**STATE OF HAWAII**, Plaintiff–Appellee, v. **JULIE THOMPSON**, Defendant–Appellant

NO. 14880

(CASE NO. TD30P OF 8/15/90
HPD #090000413)

JULY 24, 1991

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

## OPINION OF THE COURT BY LUM, C.J.

This is an appeal by defendant–appellant Julie Thompson (appellant) of her conviction for the offense of Driving Under the Influence of Intoxicating Liquor (DUI) in violation of Hawaii Revised Statutes (HRS) § 291–4(a)(2) (Supp. 1990). Appellant contends: 1) that she was not observed for 15 minutes prior to taking the breath test, as required by § 11–111–2.1(b) of the Hawaii State Administrative Rules (Rules), Testing of Blood, Breath and Other Bodily Substances for Alcohol Concentration; and 2) that the State has not established how the HPD–41 form (the Honolulu Police Department Intoxilyzer Operational Checklist) was formulated and whether it conformed to the requirements of Title 11, Chapter 111.

Appellant argues that because a proper foundation of the test result was lacking, the trial court erred in admitting the result into evidence.

Upon careful review of the record, we find that the State met the foundational requirements. We affirm.

I.

## A. THE 15–MINUTE OBSERVATION PERIOD

Appellant's first argument is that the test was improperly administered and that the rules governing the test were not strictly complied with.

To establish the accuracy of the alcohol concentrations used in breath tests, the foundation must show that "(1) the intoxilyzer was in proper working order; (2) its operator was qualified; and (3) the test was properly administered." *State v. Souza*, 6 Haw. App. 554, 558, 732 P.2d 253, 257 (1987).

Officer Chong testified that he observed appellant for fifteen minutes—from 3:56 a.m. until 4:11 a.m.—prior to administering the breath test to ensure that she did not eat, drink, smoke, or regurgitate anything. Officer Chong also testified that he followed the 17–step Intoxilyzer Operational Checklist in administering the breath test and that he collected appellant's breath sample at 4:11 a.m. Appellant contends that Officer Chong could not have observed her for a full fifteen minutes, followed the checklist, and then collected her breath sample at the very same minute the observation period supposedly ended.

Section 11–111–2.1(b) of the Rules provides as follows:

(b) The subject shall be continuously observed for not less than fifteen minutes prior to the collection of the breath sample, during which period the subject shall not have ingested alcoholic beverages, vomited, eaten or smoked.

However, § 11–111–2.1(b) does not explicitly address whether the 15–minute observation period must be completed before the intoxilyzer operator may proceed to the next step. Neither does the section state that the observation period must be completed before starting preparation of the intoxilyzer machine. The section simply states that the 15–minute period must be conducted before the collection of breath sample, which is Step No. 8 on the checklist.

Officer Chong could have easily conducted Step Nos. 2–7 while observing appellant during the 15–minute observational period. Step Nos. 2–7 are preliminary steps in which the operator adjusts the machine. Nothing precludes the intoxilyzer operator from proceeding to Step Nos. 2–7 before completing Step No. 1.

Section 11–111–2.1(b) requires that a person not ingest anything, vomit, or smoke during a continuous 15–minute period immediately prior to his being tested. The purpose of the section is to obtain an accurate blood alcohol content reading without

foreign substances skewing the result. *State v. Takahashi*, 7 Haw. App. 627, 630, 789 P.2d 1133, 1135 (1990).

The record indicates that Officer Chong continuously observed appellant for a period of 15 minutes, from 3:56 a.m. to 4:11 a.m. During that period, appellant did not ingest, vomit or smoke. We hold that there was strict compliance with § 11–111–2.1(b) of the Rules, and appellant's argument must be rejected.

## B. THE FOUNDATION OF THE CHECKLIST

Appellant's second claim is that there was inadequate foundation for the admission of the checklist because the State did not establish how the checklist was formulated and whether it conformed to the requirements of Title 11, Chapter 111. Section 11–111–2.1(f) provides that:

> (f) The analysis of the breath sample shall be performed only according to the instructions of the manufacturers or those approved by the director.

The purpose in laying a foundation that the intoxilyzer operator followed a checklist which was derived from the manufacturer or was approved by the Director of Health is to ensure uniformity.

However, in spite of appellant's argument, the ultimate question is whether the trial court abused its discretion in admitting the test result into evidence. *State v. O'Daniel*, 62 Haw. 518, 616 P.2d 1383 (1980).

Here, although expert witness Wadahara did not conclusively "know" whether the checklist complied with Title 11, he testified that he believed the checklist was formed through "some consultations between the police department and manufacturer." Appellant stipulated to the accuracy verification testing at that time, that the test was conducted properly, and that the instrument was found

to be in proper working condition. Wadahara also testified that appellant's test result was "accurate and valid."

In *State v. Christie*, 7 Haw. App. 368, 764 P.2d 1245 (1988), *aff'd*, 70 Haw. 158, 766 P.2d 1198, *cert. denied*, 490 U.S. 1067 (1989), the court upheld the validity and accuracy of the breath testing machine based upon a police officer's testimony that he followed a testing method recommended by the manufacturer.

Given the fact that the trial court was permitted to take judicial notice of *Christie*, and had before it the testimony of expert Wadahara as well as appellant's stipulations, we find no abuse of discretion.

Affirmed.

*David M. Hayakawa* (*Alexandra Scanlan* with him on the brief), Deputy Public Defenders, for defendant–appellant.

*Glenn T. Taniguchi*, Deputy Prosecuting Attorney, for plaintiff–appellee.