**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000624
15-JUL-2022
08:18 AM
Dkt. 72 SO**

NO. CAAP-20-0000624

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
CHRISTOPHER J. WARNER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-19-01281)

SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Christopher J. Warner (**Warner**) appeals from the October 13, 2020 Judgment and Notice of Entry of Judgment of the District Court of the Second Circuit, Wailuku Division,[1] convicting him of (1) Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and/or (a)(3) (Supp. 2019),[2] and

---

[1]  The Honorable Douglas J. Sameshima presided.

[2]  HRS § 291E-61 provides as follows:

    (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

        (1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]

        . . . .

(continued...)

(2) Consuming or Possessing Intoxicating Liquor While Operating Motor Vehicle or Moped, in violation of HRS § 291-3.1(b) (2007).[3]

On appeal, Warner challenges the district court's denial of his Motion to Suppress, arguing that the district court "abused its discretion in denying ruling on the merits of the Motion to Suppress because the constitutional implications should trump time [limits of] Hawaiʻi Rules of Penal Procedure [(**HRPP**) Rule] 12(b)," and "erred in denying the Motion to Suppress because the roadblock violated [his] constitutional right to privacy and protections against unreasonable searches and seizures."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve this appeal as follows, and affirm.

"Rule 12 of the HRPP dictates when pretrial motions must be filed in criminal cases and, significantly, when trial courts must rule on these motions." State v. Chang, 144 Hawaiʻi 535, 547, 445 P.3d 116, 128 (2019). HRPP Rule 12(b)(3) provides that motions to suppress evidence "must be raised prior to trial[.]" (Emphasis added.) HRPP Rule 12(c) establishes the deadline for filing pretrial motions, providing that "[p]retrial

---

[2](...continued)
        (3)    With .08 or more grams of alcohol per two hundred ten liters of breath[.]

[3]  HRS § 291-3.1(b) provides as follows:

      No person shall possess, while operating a motor vehicle or moped upon any public street, road, or highway, any bottle, can, or other receptacle containing any intoxicating liquor which has been opened, or a seal broken, or the contents of which have been partially removed.

motions and requests must be made within 21 days after arraignment unless the court otherwise directs."  (Emphasis added.)  Further, HRPP Rule 12(f) provides that "[f]ailure by a party to raise defenses or objections or to make requests which must be made prior to trial, within the time set by the court pursuant to section (c), or within any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver."  (Emphasis added.)

Here, Warner was charged on December 12, 2019, and appeared for his arraignment on December 26, 2019.  After two continuances, the pretrial conference was held on March 4, 2020, and the district court set May 6, 2020, as the bench trial date. The parties then stipulated to continuing the trial to, and trial commenced on, June 17, 2020.  Warner, however, filed his Motion to Suppress on July 20, 2020, more than five months after his arraignment and thirty-three days after trial commenced.  And nothing in the record indicates that Warner requested an extension of time to file his suppression motion.

Moreover, although Warner argues that constitutional implications should trump HRPP Rule 12(b) time limits, suppression motions typically raise constitutional issues as the "motion to suppress was originally conceived under Rule 41(e) of the Federal Rules of Criminal Procedure to protect an accused against illegal searches and seizures[.]"  State v. Kirn, 70 Haw. 206, 208, 767 P.2d 1238, 1239 (1989).  Given that a purpose of the motion to suppress is for the defendant to ask the court to exclude certain evidence from trial that he or she believes was seized in violation of his or her constitutional rights, the

existence of constitutional issues does not render procedural filing rules void.  See State v. Kim, 68 Haw. 286, 288 n.4, 711 P.2d 1291, 1293 n.4 (1985) (noting Rule 12(b)'s applicability to a motion to suppress based on constitutional grounds, and that under HRPP Rule 12(b)(3), "the motion was untimely and should have been made prior to trial").

Finally, the district court's decision to deny Warner's Motion to Suppress as untimely was consistent with HRPP Rule 12's purpose.  "The 1975 commentary to the HRPP makes clear that HRPP Rule 12(e)'s mandate that courts decide suppression motions before trial has a specific purpose in the course of criminal proceedings: to preserve the State's right to appeal if the court grants the defendant's suppression motion."  Chang, 144 Hawaiʻi at 548, 445 P.3d at 129; see also State v. Oshiro, 69 Haw. 438, 441, 746 P.2d 568, 570 (1987) (explaining that, in a criminal case, the State may "only appeal in those limited instances established by HRS § 641-13").

Based on the foregoing, we hold that the district court did not err in denying Warner's Motion to Suppress, and we affirm the district court's October 13, 2020 Judgment and Notice of Entry of Judgment.

DATED:  Honolulu, Hawaiʻi, July 15, 2022.

On the briefs:                        /s/ Keith K. Hiraoka
                                      Presiding Judge
Ashlyn L. Whitbeck,
Deputy Public Defender,               /s/ Clyde J. Wadsworth
for Defendant-Appellant.              Associate Judge

Richard B. Rost,                      /s/ Sonja M.P. McCullen
Deputy Prosecuting Attorney,          Associate Judge
County of Maui,
for Plaintiff-Appellee.

4