*** NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCAP-21-0000532
17-MAR-2023
09:07 AM
Dkt. 23 MO**

SCAP-21-0000532

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

TARVAL WEBSTER,
Petitioner-Appellant,

vs.

STATE OF HAWAIʻI,
Respondent-Appellee.

---

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CAAP-21-0000532; CASE NO. 1CPN-21-0000005)

MEMORANDUM OPINION
(By: Recktenwald, C.J., and Nakayama, J.,
Circuit Judge Park, in place of Wilson, J., recused,
Circuit Judge Browning, in place of Eddins, J., recused,
and McKenna, J., dissenting)

This case calls upon the court to address when a defendant who is sentenced to consecutive terms of imprisonment is entitled to presentence detention credit. As this court previously established in State v. Tauiliili, 96 Hawaiʻi 195, 29 P.3d 914 (2001), Hawaiʻi Revised Statutes (HRS) §§ 706-671 and 706-668.5 must be read together when a sentencing court imposes consecutive sentences upon a defendant. In such cases, HRS § 706-671 does not entitle a defendant to presentence

detention credit for each sentence imposed. Rather, a defendant is entitled to presentence credit only once against the aggregate of his consecutive sentences. See Tauiliili, 96 Hawaiʻi at 200, 29 P.3d at 919.

Additionally, as this court held in State v. Vaden, SCWC-20-0000481 (Haw. Mar. 15, 2023), the denial of presentence credit for each sentence does not violate the double jeopardy clause so long as the sum of the presentence detention and sentence imposed does not exceed the statutory maximum penalty.

## I. BACKGROUND

On May 3, 1999, a jury convicted Webster for crimes related to firing a semi-automatic weapon into an occupied apartment on the night of July 1, 1997. In particular, the jury convicted Webster of one count of attempted assault in the first degree, in violation of HRS §§ 705-500[1] and 707-710;[2] one count

---

[1] HRS § 705-500 (1993) provides in relevant part:

  (1) A person is guilty of an attempt to commit a crime if the person:

  (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or
  (b) Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.

[2] HRS § 707-710 (1993) provides:

  (1) A person commits the offense of assault in the first degree if the person intentionally or knowingly causes serious bodily injury to another person.

of carrying, using, or threatening to use a firearm in the

commission of a separate felony (assault in the second degree),

in violation of HRS §§ 134-6(a), (e)[3] and 707-711(1)(a);[4] one

_____

(2)  Assault in the first degree is a class B felony.

[3]  HRS § 134-6 (1993) provides in relevant part:

(a)  It shall be unlawful for a person to knowingly carry on the person or have within the person's immediate control or intentionally use or threaten to use a firearm while engaged in the commission of a separate felony, whether the firearm was loaded or not, and whether operable or not[.]

. . . .

(c)  Except as provided in sections 134-5 and 134-9, all firearms and ammunition shall be confined to the possessor's place of business, residence, or sojourn; provided that it shall be lawful to carry unloaded firearms or ammunition or both in an enclosed container from the place of purchase to the purchaser's place of business, residence, or sojourn, or between these places upon change of place of business, residence, or sojourn, or between these places and the following: a place of repair; a target range; a licensed dealer's place of business; an organized, scheduled firearms show or exhibit; a place of formal hunter or firearm use training or instruction; or a police station. . . .

. . . .

(e)  Any person violating subsection (a) or (b) shall be guilty of a class A felony.  Any person violating this section by carrying or possessing a loaded firearm or by carrying or possessing a loaded or unloaded pistol or revolver without a license issued as provided in section 134-9 shall be guilty of a class B felony.  Any person violating this section by carrying or possessing an unloaded firearm, other than a pistol or revolver, shall be guilty of a class C felony.

[4]  HRS § 707-711(1)(a) (1993) provides:

(1)  A person commits the offense of assault in the second degree if:

(a)  The person intentionally or knowingly causes substantial bodily injury to another[.]

3

count of place to keep pistol or revolver, in violation of HRS § 134-6(c), (e); and three counts of reckless endangering in the first degree, in violation of HRS §§ 706-660.1(3)[5] and 707-713.[6] The charges in this case are collectively referred to as the assault counts.[7]

On September 22, 1999, Webster entered a plea agreement in a separate case pertaining to the August 16, 1997

---

[5]     HRS § 706-660.1(3) (1993) provides in relevant part:

> (3)  A person convicted of a felony, where the person had a semiautomatic firearm or automatic firearm in the person's possession or used or threatened its use while engaged in the commission of the felony, whether the semiautomatic firearm or automatic firearm was loaded or not, and whether operable or not, shall in addition to the indeterminate term of imprisonment provided for the grade of offense be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation the length of which shall be as follows:
>
>     . . . .
>
>     (b)  For a class A felony—fifteen years;
>     (c)  For a class B felony—ten years; and
>     (d)  For a class C felony—five years.

[6]     HRS § 707-713 (1993) provides:

> (1)  A person commits the offense of reckless endangering in the first degree if the person employs widely dangerous means in a manner which recklessly places another person in danger of death or serious bodily injury or intentionally fires a firearm in a manner which recklessly places another person in danger of death or serious bodily injury.
> (2)  Reckless endangering in the first degree is a class C felony.

[7]     This court subsequently vacated Webster's conviction and sentence for carrying, using, or threatening to use a firearm in the commission of a separate felony.  State v. Webster, 94 Hawaiʻi 241, 243, 249, 11 P.3d 466, 468, 474 (2000).  This court affirmed Webster's convictions on all other counts.  Id.

4

death of Chih Kai Pan.  Under the terms of the agreement,
Webster pled guilty to one count of manslaughter, in violation
of HRS § 707-702;[8] and one count of place to keep pistol or
revolver, in violation of HRS § 134-6(c), (e).  The charges in
this case are collectively referred to as the homicide counts.[9]

Webster also agreed for his sentencing proceedings for
the assault and homicide counts to be heard by Judge Victoria
Marks (the sentencing court).

The sentencing court conducted Webster's sentencing
hearing on November 18, 1999.  The sentencing court sentenced
Webster for the assault counts as follows:

| | |
|---|---|
| Attempted assault in the first degree | 10 years with a 10-year mandatory minimum |
| Carrying, using, or threatening to use a firearm in the commission of a separate felony | 20 years |
| Place to keep pistol or revolver | 10 years |

---

[8]     HRS § 707-702 (1993 & Supp. 1997) provides in relevant part:

(1)  A person commits the offense of manslaughter if:

(a)  He recklessly causes the death of another person; or
(b)  He intentionally causes another person to commit suicide.

. . . .

(3)  Manslaughter is a class A felony.

[9]     In exchange for Webster's guilty plea, the State agreed to reduce one of the homicide counts from murder in the second degree to manslaughter and to nolle prosequi charges in a third case.

| | |
|---|---|
| Reckless endangering in the first degree | 5 years with a 5-year mandatory minimum |
| Reckless endangering in the first degree | 5 years with a 5-year mandatory minimum |
| Reckless endangering in the first degree | 5 years with a 5-year mandatory minimum |

The sentencing court added that Webster's "[t]erms of incarceration imposed in this case shall run concurrently with each other and with credit for time served.  This sentence shall be served <u>CONSECUTIVE</u> to the sentence imposed [for the homicide counts] and [Webster] shall not receive 'double' credit for one (1) period of time served."[10]

The sentencing court sentenced Webster for the homicide counts as follows:

| | |
|---|---|
| Manslaughter | 20 years with a 5-year mandatory minimum |
| Place to keep pistol or revolver | 10 years |

As with the assault counts, the sentencing court explained that Webster's "[t]erms of [i]ncarceration imposed in this case shall run concurrently with each other and with credit for time

---

[10]    Following this court's vacatur of Webster's conviction for carrying, using, or threatening to use a firearm in the commission of a separate felony, the sentencing court re-sentenced Webster to the same terms for the affirmed assault counts.  <u>Webster v. State</u>, 134 Hawaiʻi 306, \*1, 339 P.3d 1107 (App. 2014).

6

served.  This sentence shall be served <u>CONSECUTIVE</u> to the sentence imposed [for the assault counts] and [Webster] shall not receive 'double' credit for one (1) period of time served."

Webster filed the present Hawaiʻi Rules of Penal Procedure (HRPP) Rule 40 petition (Petition) on September 30, 2020.[11]  Webster contended that his sentence was unlawful for two reasons.  First, citing <u>State v. Abihai</u>, 146 Hawaiʻi 398, 463 P.3d 1055 (2020), Webster argued that HRS § 706-671(1)[12] entitles a defendant to presentence credit whenever five criteria are met: "(1) The person is a defendant, (2) Sentenced to imprisonment, (3) Who had previously been detained in a State institution, (4) Following the person[']s arrest, (5) For the crime for which Sentence was imposed."  According to Webster, Webster met the criteria in both proceedings for which he was

---

[11]    Webster has filed at least two other HRPP Rule 40 petitions.

[12]    HRS § 706-671(1) (1993) provides:

> When a defendant who is sentenced to imprisonment has previously been detained in any State or local correctional or other institution following the defendant's arrest for the crime for which sentence is imposed, such period of detention following the defendant's arrest shall be deducted from the minimum and maximum terms of such sentence.  The officer having custody of the defendant shall furnish a certificate to the court at the time of sentence, showing the length of such detention of the defendant prior to sentence in any State or local correctional or other institution, and the certificate shall be annexed to the official records of the defendant's commitment.

sentenced, and therefore he was entitled to presentence credit for each sentence.

Second, quoting <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717 (1969), Webster asserted that his sentence violated the double jeopardy clause of both the Hawaiʻi and the United States constitutions because "the guarantee against double jeopardy is violated when imprisonment already exacted for an offense is <u>not fully credited</u>."

On August 23, 2021, the Circuit Court of the First Circuit[13] (circuit court) rejected Webster's claims in its Findings of Fact, Conclusions of Law, and Order Dismissing and Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Order). The circuit court "found and concluded that [Webster's] claim for relief under HRPP Rule 40 is (1) patently frivolous, (2) has already been previously raised by [Webster] and ruled upon by the Court, and (3) has no merit." The circuit court accordingly dismissed and denied Webster's Petition pursuant to HRPP Rule 40(g)(2).[14]

---

[13] The Honorable Kevin A. Souza presided.

[14] Citing HRPP Rule 40(f), the circuit court noted in one instance that Webster's claim "is without trace support either in the record or from other evidence submitted." Insofar as the circuit court specified only HRPP Rule 40(g)(2) as the basis for the Order, this court does not consider whether the circuit court could have dismissed Webster's Petition pursuant to HRPP Rule 40(f).

In particular, the circuit court rejected Webster's Abihai argument because "the Abihai Court was clear that HRS 706-671(1) properly applied presentence detention credit to both of Abihai's sentences primarily because they were being served concurrently, not consecutively."  The circuit court added that this court "has already heard and ruled on a similar claim being put forward by [Webster]" in Tauiliili, 96 Hawaiʻi at 199, 29 P.3d at 918, where this court explained:

> [W]hen concurrent sentences are imposed, presentence credit is applied once.  The credit applied once, in effect, is applied against each concurrent sentence.  This is done because the longest term of the concurrent sentences determines the total length of the imprisonment.  However, when consecutive sentences are imposed, credit for presentence imprisonment is properly granted against only the aggregate of the consecutive sentence terms.

(Emphasis in Order.)  Thus, the circuit court concluded that Webster's claim that he was entitled to presentence credit for each sentence was patently frivolous.

The circuit court did not address Webster's double jeopardy clause argument.

On September 21, 2021, Webster timely appealed the circuit court's Order to the Intermediate Court of Appeals (ICA).  On May 3, 2022, the same day Webster filed a reply brief before the ICA, Webster timely filed an application for transfer to this court.

On June 6, 2022, this court granted Webster's application for transfer.

9

## II.   STANDARDS OF REVIEW

### A.   Statutory Interpretation

The interpretation of a statute is a question of law which this court reviews de novo.  Keep the N. Shore Country v. Bd. of Land & Nat. Res., 150 Hawaiʻi 486, 503, 506 P.3d 150, 167 (2022) (citing State v. Ruggiero, 114 Hawaiʻi 227, 231, 160 P.3d 703, 707 (2007)).

### B.   Constitutional Law

This court reviews questions of constitutional law de novo under the right/wrong standard.  State v. Yamashita, 151 Hawaiʻi 390, 397, 515 P.3d 207, 214 (2022).

## III. DISCUSSION

### A.   Webster did not waive his illegal sentence claim.

As a preliminary matter, the State argues that Webster's Abihai claim is waived because "his sole claim concerns application of credit for time spent in custody before sentence."  The State asserts, without explanation, that this is not a claim of illegal sentence and Webster therefore should have raised the claim in prior proceedings.[15]

---

[15]   The State contends that "the Circuit Court properly found that Webster waived the one claim in his Petition."  However, the circuit court did not conclude that Webster waived his current claim.  The circuit court determined that Webster was not entitled to relief pursuant to HRPP Rule 40 because Webster's claim, inter alia, "has already been previously raised by Petitioner and ruled upon by the Court."  Contra HRPP Rule 40(a)(3) ("[A]n issue is waived if the petitioner knowingly and understandingly failed to raise it") (emphasis added).

However, Webster could not have waived his Abihai claim for two reasons.  First, Webster could not have knowingly and understandingly failed to raise a claim before the claim's underlying basis came into being.  The text of HRPP Rule 40(a)(3) (2006) provides:

> [A]n issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue.

Webster presently relies upon this court's holding in Abihai, to assert that he is entitled to presentence credit for both of his sentences under HRS § 706-671(1).  Insofar as this court decided Abihai after Webster's trial, appeal, and prior Rule 40 petitions concluded, Webster could not have raised or waived the claim during the previous proceedings.  Cf. HRPP Rule 40(a)(3).

Second, Webster's claim could not be waived because it implicates the legality of his sentence.  As the State acknowledges, HRPP Rule 40(a)(3) includes an exception to its definition of waived claims: "claim[s] of illegal sentence."  If Webster is correct that HRS § 706-671(1) mandates that the sentencing court apply his presentence credit to both sentences, then the sentencing court's failure to do so would mean that Webster's sentences were rendered in violation of HRS § 706-671(1), and are illegal.  See State v. Kahalewai, 71 Haw. 624,

11

625, 801 P.2d 558, 560 (1990) (explaining an illegal sentence is "a sentence which the court is not authorized to impose").

## B.   The circuit court correctly determined that Webster's HRS § 706-671(1) claim lacked merit.

Turning to the merits of Webster's claims, Webster first argues that HRS § 706-671(1) obligates a sentencing court to apply presentence detention credit to each of a defendant's sentences so long as the defendant satisfies five criteria. Specifically, Webster quotes Abihai, 146 Hawai'i at 408, 463 P.3d at 1065, for the proposition that "a person is entitled to presentence detention credit if (1) the person is a defendant (2) sentenced to imprisonment (3) who had previously been detained in a State institution (4) following the person's arrest (5) for the crime for which sentence was imposed."

However, Webster's reliance on Abihai is misplaced. In Abihai, defendant Allan H. Abihai challenged a circuit court's failure to apply presentence detention credits to a later-imposed concurrent sentence. Id. at 400, 463 P.3d at 1057. Abihai's explanation of when a person is entitled to presentence detention credit under HRS § 706-671(1) consequently did not contemplate what would occur when, as here, a defendant is sentenced to consecutive sentences. See, e.g., id. at 410, 463 P.3d at 1067 ("Tauiliili held that a defendant is entitled to presentence detention credit on each of the cases for which a

12

defendant is sentenced to <u>concurrent</u> sentences.") (citing Tauiliili, 96 Hawai'i at 199, 29 P.3d at 918) (emphasis added).

In contrast, <u>Tauiliili</u> squarely addressed the issue of whether a defendant is entitled to presentence detention credit under HRS § 706-671(1) when the defendant is sentenced to consecutive sentences. There, defendant Ropati Tauiliili challenged a circuit court's failure to apply a presentence detention credit to a <u>consecutive</u> sentence. 96 Hawai'i at 197, 29 P.3d at 916. This court concluded that "when <u>consecutive</u> sentences are imposed, credit for presentence imprisonment is properly granted against only the aggregate of the consecutive sentence terms." <u>Id.</u> at 199, 29 P.3d at 918 (emphasis added).

The <u>Tauiliili</u> court explained:

> The commentary to HRS § 706-671 states in relevant part that "[t]his section provides for a result which the Code deems fair" and "provides for some equalization . . . between those defendants who obtain pre-sentence release and those who do not." Statutes giving credit for presentence confinement were designed to ensure equal treatment of all defendants whether or not they are incarcerated prior to conviction. <u>In re Atiles</u>, 662 P.2d 910, 911 (Cal. 1983). [G]ranting presentence credit, therefore, seeks to place an in-custody criminal defendant who cannot afford to post bail in the same position as his counterpart with bail money. <u>Nissel v. Pearce</u>, 764 P.2d 224, 226 (Or. 1988).
> Once credit has been granted, no additional purpose is served by granting a second or "double credit" against a later consecutive sentence. <u>State v. Cuen</u>, 761 P.2d 160, 162 (Ariz. Ct. App. 1988).

<u>Id.</u> at 199, 29 P.3d at 918. The court further elaborated that "allow[ing] multiple credit for consecutive sentences would

13

defeat the legislative purpose underlying consecutive sentences." Id. Specifically,

> HRS § 706-668.5 (1993) permits consecutive sentencing if multiple terms of imprisonment are imposed on a criminal defendant at the same time. The legislative purpose of the statute is to give the sentencing court discretion to sentence a defendant to a term of imprisonment to run either concurrently or consecutively. State v. Gaylord, 78 Hawai'i 127, 146, 890 P.2d 1167, 1186-1187 (1995). Discretionary use of consecutive sentences is properly imposed in order to deter future criminal behavior of the defendant, to insure [sic] public safety, and to assure just punishment for the crimes committed. Id.

Tauiliili, 96 Hawai'i at 199, 29 P.3d at 918 (footnote omitted). Thus,

> Tauiliili's interpretation of HRS § 706-671 would undermine the sentencing court's decision to impose consecutive imprisonment terms. We do not believe that the legislature intended to allow a "double credit" for presentence confinement without expressly saying so. Accordingly, we hold that the circuit court correctly interpreted HRS § 706-671 by applying Tauiliili's 853 days of presentence credit only once against the aggregate of his consecutive sentences.

Id. at 200, 29 P.3d at 919.

Although Tauiliili is squarely on point, Webster insisted below that Tauiliili is inapplicable because Tauiliili's sentences arose from a single case, while Webster "was sentenced in two seperate [sic] Criminal numbers, with two seperate [sic] Grand Jury Indictments, and two seprate [sic] settings of bail."

This is a distinction without a difference. At the time of Webster's sentencing, HRS § 706-668.5(1) (1993) read:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an

14

> unexpired term of imprisonment, the terms may run concurrently or consecutively.  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms run consecutively.  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently.[16]

The statute's references to "[m]ultiple terms of imprisonment imposed at different times" indicate that the legislature's intent behind HRS § 706-668.5 applies regardless of whether the sentences were imposed for charges arising from a single case or from multiple cases.

Under these circumstances, the circuit court correctly concluded that Tauiliili is controlling and Abihai is not directly applicable.  As in Tauiliili, the sentencing court "correctly interpreted HRS § 706-661 [and HRS § 706-668.5] by applying [Webster's] presentence credit only once against the aggregate of his consecutive sentences."  96 Hawaiʻi at 200, 29 P.3d at 919.  In turn, the circuit court did not err in determining that Webster's statutory claim is patently frivolous and without merit.[17]

---

16    HRS § 706-668.5(1) (Supp. 2015) presently provides:

> If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively.  Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively.

17    Insofar as a circuit court may dismiss an HRPP Rule 40 petition "upon finding the petition is patently frivolous, the issues have been previously

## C.  Webster's double jeopardy clause argument also lacks merit.

Citing North Carolina v. Pearce, Webster next argues that "[t]he constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited.'"  This argument is unavailing.

As the United States Court of Appeals for the Seventh Circuit has explained:

> Courts, however, have only taken the teaching of Pearce so far as to hold that a failure to credit violates the guarantee against double jeopardy when the pre-sentence time together with the sentence imposed is greater than the statutory maximum penalty for the offense.  Only in such a situation is there "double punishment" for one offense.  Where the pre-sentence time and the sentence imposed together are less than the statutory maximum penalty, no grounds exist for finding "double punishment," because the total time of incarceration will fall within the single maximum period of punishment set by the legislature.

Faye v. Gray, 541 F.2d 665, 667 (7th Cir. 1976) (citation omitted); see also Vaden, SCWC-20-0000481 at 2 ("[W]hen detention or prison time is accrued before sentencing . . . the double jeopardy clause's prohibition on multiple punishment is not violated so long as the defendant's total period of detention and imprisonment does not exceed the statutory maximum term for the offenses at issue.").  Webster does not provide any

---

raised and ruled upon, or the issues were waived," and may deny an HRPP Rule 40 petition "upon determining the allegations and arguments have no merit," we do not consider the merits of the circuit court's finding that Webster's "claim for relief under HRPP Rule 40 has already been previously raised by [Webster] and ruled upon by the Court."  HRPP Rule 40 (emphasis added).

reason why we should deviate from the path trodden by other courts.

Applying the test articulated in Faye, Webster's sentences do not run afoul of the double jeopardy clause. The statutory maximum term of imprisonment the sentencing court could impose based upon Webster's convictions is 65 years.[18] Webster's current sentences total approximately thirty years. Insofar as Webster's total time of incarceration plus the demanded 550 days of presentence detention credit is less than the maximum period of punishment, "no grounds exist for finding 'double punishment,' because the total time of incarceration . . . fall[s] within the single maximum period of punishment set by the legislature." Faye, 541 F.2d at 667.

---

[18]    The maximum sentences for the counts on which Webster is convicted are:

| Count | Term of Imprisonment |
|---|---|
| Attempted Assault in the First Degree | 10 years |
| Place to Keep Pistol or Revolver | 10 years |
| Reckless Endangering in the First Degree | 5 years |
| Reckless Endangering in the First Degree | 5 years |
| Reckless Endangering in the First Degree | 5 years |
| Manslaughter | 20 years |
| Place to Keep Pistol or Revolver | 10 years |
| **Total** | 65 years |

## IV.  CONCLUSION

In light of the foregoing, the sentencing court correctly did not apply presentence detention credit to Webster's latter, consecutive sentence.  In turn, the circuit court properly concluded that Webster's Petition lacked merit.

Accordingly, we affirm the circuit court's August 23, 2021 Findings of Fact, Conclusions of Law, and Order Dismissing and Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody.

DATED:  Honolulu, Hawai'i, March 17, 2023.

| | |
|---|---|
| Tarval Webster, Petitioner-Appellant Pro Se | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Brian R. Vincent for Respondent-Appellee State of Hawai'i | /s/ R. Mark Browning |
| | /s/ Shanlyn A.S. Park |
| Craig Y. Iha and Lisa M. Itomura for Respondent-Appellee Department of Public Safety | |

